JONES, tax-collector, *v.* MORSE BROTHERS LUMBER CO. *et al.*

754

No. 7914.   JANUARY 16, 1931:

*J. F. Pruett* and *J. G. Collins,* for plaintiff in error.
*Wheeler & Kenyon,* contra.

BECK, P. J. (After stating the foregoing facts.) Under the uncontroverted facts in this record, the court should have refused the injunction. While, under the contract for the sale of the property to the Government by the petitioners in this case, the Government acquired certain rights in the property and the right to exercise a certain supervision over it, the title to the property remained in these owners, the plaintiffs, until after April 11, 1929, when a verdict and decree was entered in the District Court of the United States, condemning the land described in the contract. The petition to condemn was filed in the office of the clerk of the U. S. District Court on September 17, 1928. Some time before May 10, 1929, but after April 11, 1929, the Government paid to the petitioners the amount awarded in the verdict and judgment of condemnation. As shown by the testimony of the witness Grimes, the U. S. Government had no right to the land under contract prior to and up to the decree under condemnation proceedings, except to exercise a supervision over it, that the Government or its agents might extinguish fires and see that no one intruded or trespassed upon it. Grimes also testified—and it is not controverted—that

prior to the decree the Government had no right to the rents, issues, or profits in the lands being condemned under an agreement by the owners, and had no right to anything from the land that would depreciate its value. The plaintiffs still had the general rights to the land, to its possession and to the use thereof, with certain restrictions; as they could not, for instance, cut down or remove timber or do anything to depreciate the value of the land until after the condemnation proceedings had terminated, which they did on April 11, 1929. Certainly on January 1, 1929, the two lumber companies, the petitioners in this case, were owners of the land; and we are of the opinion that as owners, and having the rights shown by the uncontroverted facts in the record, they were liable and bound for the taxes just as much as they would have been bound for the taxes in case they had made a contract for the sale of the land to a private party in September, 1929, and had given to the prospective purchaser with whom they had entered into a contract to sell the land rights of a character similar to those given to the Government by the contract which they had with it.

In section 3333 of the Civil Code it is declared that "Liens for taxes due the State or any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid." In *Gladney* v. *Deavors, 8 Ga.* 479, it was said: "Taxes due to the State are a general lien upon all the property of the debtor, attaching on the first of January in each year. Where property, liable to tax, is sold under execution between the first of January and the giving in or return of the same, and is afterwards sold under execution to pay the tax due by the defendant in execution: *Held,* that the purchaser at the tax collector's sale gets a good title." The propositions here laid down were argued out and applied at length in the opinion in that case, which amounts to a demonstration that the petitioners in this case were liable for the taxes upon the collection of which the county authorities are insisting. These tax fi. fas. are against the companies in personam. They are not special taxes against this land. It makes no difference in this case that the formal levy of the tax was made in September, 1929. When that levy was regularly and properly made the lien of the taxes fixed by it is determined as of the

date January 1, 1929; because on this date the lien attached. The statement in the receipt of the tax-collector that all taxes had been paid did not estop the State and county from insisting on the collection of taxes shown to be due by uncontroverted testimony. The State and county were not bound by the opinion of the tax-collector. The fact that that officer may have been of the opinion that the former owners of the property were not liable for the tax does not fix their liability; that is fixed by the law and the facts of the case. That the plaintiffs, the owners of the land until the consummation of the contract of sale following the determination of the condemnation proceedings, were liable for the tax, seems to us too clear to require lengthy citation of authorities or any further argument. But see *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499); *Verdery* v. *Dotterer,* 69 *Ga.* 194. It follows from what we have said that the court should have refused the injunction, and the judgment granting the same must be

*Reversed. All the Justices concur.*