## 30822. WARD v. WARD.

JORDAN, Justice.

This is an appeal from a judgment holding appellant-husband in contempt of court for failure to comply with a divorce decree.

The parties were granted a divorce on February 27, 1975, by a decree adopting a settlement agreement executed by the parties. The agreement in pertinent part provided: "That the husband does hereby agree to execute a Warranty Deed conveying fee simple title to the wife to the home. . . Said property to be conveyed free and clear of all liens, judgments and encumbrances, with the exception of the Warranty Deed to Secure Debt. . ." The agreement further provided that should. the wife voluntarily move from the house, it would be sold and the net proceeds equally divided between the husband and wife, each to bear one-half of any tax imposed as a result of said sale. Pursuant to the agreement, the husband on February 27, 1975, executed a warranty deed on said property to the wife. In May, 1975, the United States filed against the husband and wife two tax liens in the amount of $6,363.30 for personal income taxes for the taxable year 1972 and $3,768.53 for personal income taxes for the taxable year 1973. Both years a joint return was filed, although the wife earned no income either year.

The wife sold the home on June 11, 1975, and in order to pass marketable title was forced to deduct from her half of the proceeds one-half of the amount due under the two liens ($5,246.98). Upon the husband's refusal to reimburse her, she filed a citation of contempt against him alleging that the tax lien was a lien on the house which he was to pay under the settlement agreement. The husband argued that the tax liens were not in existence at the time he conveyed her the house and therefore it was conveyed free of any liens as agreed.

At the hearing on the contempt citation the testimony established that the tax liens were not of record at the time of the divorce decree or at the time the husband conveyed the house. The husband testified that at the time he executed the deed he was aware that the tax returns had not been timely filed and that he knew he

owed the government some tax money.

The judgment of the trial court held the husband in contempt, finding that the intention of the parties was that the conveyance from defendant to plaintiff was to be free of all liens, encumbrances, etc., *except* the balance due under the deed to secure debt.

1. We disagree with appellant's contention that the trial court's order constituted a modification of the original divorce decree, and consider it rather an interpretation of the parties' intention as expressed in the agreement. This the court can do. *Hudson v. Hudson,* 220 Ga. 730 (141 SE2d 453) (1965). In making that interpretation we must find the intent of the parties by looking to the "four corners" of the agreement and in the light of circumstances as they existed at the time the agreement was made. *Paul v. Paul,* 235 Ga. 382 (219 SE2d 736) (1975).

Under the interpretation advanced by appellant the sum which the wife received as consideration for all her rights and claims against her husband growing out of the marriage is reduced by more than five thousand dollars by an obligation incurred during the marriage. We conclude this not to be the intention of the parties. The terms of the agreement provide that the home be conveyed free and clear of *all* liens and encumbrances with the exception of the first security deed, installments of which the husband was to pay. The agreement further provided that should the wife move from the house, it would be sold and the wife would receive one-half of the proceeds. These two provisions plus the fact that the agreement effectuated a complete and final property settlement convinces us that the trial court was authorized to find, in effect, that the parties did not contemplate the reduction of the wife's settlement by a debt arising during the parties' marriage.

We further note the testimony of the husband that at the time of the agreement and conveyance he knew a tax debt against him existed and had not informed his wife of such. We recognize that the husband and wife filed joint returns both years for which both are liable even though the record shows that the wife was not employed during those tax years and that the tax deficiencies arose from the operation of the husband's business in which she did

not participate.

We do not agree that the trial court's interpretation of the agreement is so contrary to the parties' intention as to be tantamount to a modification of the divorce decree, hold it to be a reasonable interpretation, and therefore affirm.

2. Appellant contends that the trial court erred in holding him in wilful contempt of court as he did all the agreement commanded and that the language is too vague and indefinite to require more.

"If the intention of the parties as of the time of executing the agreement be clear, it should be enforced, even though the parties disagree as to its meaning as of the time of the litigation." *Paul v. Paul,* supra, p. 384. The trial court was authorized to find the intent of the parties to be clear at the time the agreement was executed, not contrary to any rule of law and enforceable according to its terms.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 31, 1976 — DECIDED MAY 17, 1976.

*Hamilton, Anderson & Minge, Jerry L. Minge,* for appellant.

*Jones, Robbins & McLeod, Frank H. Jones,* for appellee.