## 32477. BERMAN v. BERMAN.

UNDERCOFLER, Presiding Justice.

This is the sixth appeal from the fifteenth contempt citation since these parties were divorced in 1972. *Berman v. Berman,* 233 Ga. 76 (209 SE2d 622) (1974); 232 Ga. 342 (206 SE2d 447) (1974); 231 Ga. 727 (204 SE2d 125) (1974); 231 Ga. 723 (204 SE2d 124) (1974); 231 Ga. 216 (200 SE2d 870) (1973). In this case, the trial court refused to find Dr. Berman in wilful contempt for failing to pay school, medical and dental expenses. Mrs. Berman appeals and we reverse.

1. The first issue, raised by enumerations of error 1, 2, 3, 4, 5 and 6, concerns the trial court's ruling that Dr. Berman was not in wilful contempt of the divorce decree for failing to pay certain medical and dental expenses incurred on behalf of the children, but not covered by their

medical insurance policies. The decree at paragraph 8 states: "the Husband shall provide the minor children . . . medical and hospital insurance. However, both parties hereto recognize and agree that because of the Husband's profession as a medical doctor for which he receives certain professional courtesies, the Husband may elect to become a self-insurer for some or any of these items of medical or hospital expenses." Although this item clearly contemplates only insurable medical cost, Mrs. Berman argues that Dr. Berman, through his course of conduct in paying all of the children's medical and dental expenses, has modified this paragraph so that he is now liable for all of these costs. The trial court found as a matter of fact that Dr. Berman had not established such a course of conduct and we will not reverse as long as there is any evidence to support such a finding. We therefore affirm the trial court on this issue.

2. Enumerations of error 7, 8, 9, 10, 11 and 12 raise the question whether the trial court erred in failing to find Dr. Berman in wilful contempt for failure to pay children's schooling expenses "when due." At a prior contempt hearing on September 29, 1975, a different superior court judge had held that the school payments required of Dr. Berman under the terms of the decree were to be paid "when due." Dr. Berman has not paid these amounts. He contends that they are instead due at the anniversary date of the decree in June of each year. He argued successfully in the trial court that he is not in wilful contempt of the September 29 order because that ruling was a modification of the terms of the divorce decree of which the DeKalb Superior Court has no jurisdiction since Dr. Berman is a Fulton County resident, citing *Mason v. Mason,* 232 Ga. 336 (206 SE2d 479)(1974); *Anderson v. Anderson,* 230 Ga. 885 (199 SE2d 800) (1973); *Daniel v. Daniel,* 216 Ga. 567 (118 SE2d 369) (1961). We do not agree.

Paragraph 7 of the divorce decree states: "In the event special training or schooling facilities are required for the children, Husband shall provide same. Except for college, he shall in no event be required to pay over $1,000 per year for any one child." The decree clearly does not provide for a time of payment of these school expenses. At

the September 29 contempt hearing, therefore, it was the duty of the trial judge to construe the contract in order to determine the contempt issue before it. The applicable rule of construction is found at Code Ann. § 20-1101: "Performance to be effectual, must be by the party bound to perform . . . It must be substantial compliance with the spirit, and not the letter only, of the contract, and *done within a reasonable time.*" (Emphasis supplied.) "Within a reasonable time" is a question to be determined by the trier of fact under all the circumstances of the case. *Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695 (58 SE 200) (1907). The September 29 trial court by its holding that the payments should be paid "when due" did not modify the terms of the contract as Dr. Berman contends, but merely construed it in order to determine whether the doctor was in contempt. The trial court erred in ruling that the September 29 court was without jurisdiction to determine the time of payments and is reversed. This case must be remanded to the trial court for further proceedings, on the issue of wilful contempt for failure to pay these expenses, not inconsistent with this opinion.

3. In enumerations of error 13 and 14, Mrs. Berman appeals the trial court's failure to allow her amendment as to schooling expenses at the time of the hearing. We do not find that the trial court abused its discretion in this regard.

4. The question whether the trial court erred in refusing to award attorney fees under Code Ann. § 30-219 may be reconsidered by the trial court on remand pursuant to Division 2 of this opinion.

5. We find no prejudice resulted to Mrs. Berman as alleged in Enumerations 16, 17 and 18.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Argued July 11, 1977 — Decided September 6, 1977.

*Harmon & Smith, Archer D. Smith, III, Ginger C. Jones, Mary K. McIntire,* for appellant.

*Mitchell A. Gross,* for appellee.