## 33366. NOLAN v. MOORE.

UNDERCOFLER, Presiding Justice.

Joan Nolan appeals the dismissal of her contempt action against her former husband for failure to pay "reasonable child support . . . in accordance with his financial status at that time [whenever the daughter chose to live with her mother after her mother became employed or her father remarried]. . ." The trial court dismissed the action on the husband's motion that this language is too vague to be enforceable, and thus inappropriate for contempt. The wife appeals. We reverse.

The trial court often must construe the agreement and decree in order to determine the contempt issue before it. *Berman v. Berman,* 239 Ga. 443 (238 SE2d 27) (1977). We held, in *Hunnicutt v. Sandison,* 223 Ga. 301 (154 SE 2d 587) (1967), that the failure to pay "necessary and reasonable expenses for the support, maintenance and education" of the child as incorporated in a divorce decree subjected the husband to contempt. In *Booker v. Booker,* 219 Ga. 358 (133 SE2d 353) (1963), the trial court could enforce by contempt a decree providing for payment of "living and maintenance expenses." We find that the language presented in this case is similar. Therefore, we conclude that the trial court erred in holding "reasonable child support... in accordance with his financial status ..." too vague to be enforceable. The petition for contempt stated a claim for relief. The alleged filing of an action for the award of child support pursuant to Code Ann. § 30-301, after the judgment, but prior to the filing of the notice of appeal in this case, does not moot the appeal. The motion to dismiss is denied.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs specially, and Hill, J., who dissents.*

ARGUED MARCH 14, 1978 — DECIDED
APRIL 4, 1978.

*John A. Sibley, III,* for appellant.

*Jack P. Turner,* for appellee.

BOWLES, Justice, concurring specially.

The decision necessary in this case leaves my thinking between two fires. To agree with the majority opinion tends to create confusion. It is safe to say we would usually have three opinions as to what is reasonable, the mother's, the father's and the court's. This will tend to multiply litigation and place an even greater burden on the superior courts of the state. The decision also punishes the party based on an indefinite order. This is basically unfair.

On the other hand, the area of child support is an uncharted sea. Obligations to pay medical bills, dental bills, cost of maintenance, cost of education, etc., when geared to the standards of reasonableness, are always indefinite. We must enforce these obligations in some way other than by lawsuits for monetary awards.

Thus between the two problems, I conclude that the majority opinion adopts the wiser rule overall, and I concur in the judgment for this reason.

HILL, Justice, dissenting.

I agree with the trial judge — the divorce decree requiring the father to pay "reasonable child support . . . in accordance with his financial status" is too vague to be enforceable by contempt. "Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied. Indefiniteness and uncertainty in a judgment, order, or decree may well constitute a good defense in proceedings for contempt based on violation of the judgment, order, or decree. The very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain." 17 AmJur2d 54, Contempt, § 52.

Although this decree may be enforceable as a debt as to the past, and may be made definite as to the future, it is not sufficiently definite to incarcerate a person for past

noncompliance. I therefore dissent.