*Fred W. Minter,* for appellees.

### 33461. McCLELLAND v. CORBITT.

NICHOLS, Chief Justice.

The final decree of divorce between the appellant former husband and the appellee former wife provides that he "conveys to" her "all of his right, title and interest in and to" a certain automobile and that "upon the signing of this agreement" he would "immediately execute a certificate of title and transfer the same" to her.

He kept the automobile and used it as security for a loan with which he purchased himself a pickup truck. He maintained insurance on the automobile in his name.

The automobile was wrecked by their minor daughter, and the insurance proceeds were paid to him. He used them to pay off the loan on his truck.

After the automobile was wrecked and without repairs first having been made, he transferred the certificate of title to the automobile to his former wife. She demanded the insurance proceeds, and his failure to pay them over to her became the basis of the contempt order she secured against him and from which he appeals.

The judgment of the trial court is affirmed. Under the facts of this case, the insurance proceeds are a part of "his right, title and interest in and to" the automobile within the meaning of the decree.

There is no merit in the contention that the trial court should not have found him in contempt because it was necessary for the court to construe the agreement and decree in order for the court to determine the contempt issue. *Nolan v. Moore,* 241 Ga. 156 (1978).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 7, 1978 — DECIDED APRIL 18, 1978.

*Saliba & Newsom, George M. Saliba,* for appellant.
*Robert Cork,* for appellee.