33856, 33857. WEAVER v. WEAVER; and vice versa.

JORDAN, Justice.

This appeal and cross appeal are from rulings in a contempt action arising from a divorce decree. Each party asserted that the other had failed to comply with the decree. The trial judge ordered the former husband to comply with the divorce decree in several matters. He found that neither party was in contempt.

1. In the contempt judgment the judge ordered the former husband to pay taxes for the years 1975 and 1976, and a pro rata portion of the taxes from January 1, 1977, to April 16, 1977 (the latter date being the date of the divorce decree), on real property awarded to the former wife.

The divorce decree required the former husband to pay the mortgage on a portion of the property awarded to the former wife, and required her to assume the mortgage on another portion of the property. It required the former husband "to execute warranty deeds as required to convey the real estate . . ."

The former husband in the main appeal contends that the divorce decree contained no provision directing him to pay taxes, and that the judge modified the divorce decree, which he has no right to do in a contempt action.

The former husband further contends that he has delivered a warranty deed to his former wife, as required by the decree, and that as to the taxes due on the property she is relegated to her right to sue him for breach of the warranty, as held in *Cheatham v. Palmer,* 176 Ga. 227 (3 b) (167 SE 522) (1932).

The *Cheatham* case, supra, held that the grantee in a warranty deed may pay a valid outstanding lien for paving which has been assessed against the property and recover from the grantor upon the breach of the warranty. This case does not deal with the right of a former wife to

require her former husband in a contempt action to pay taxes due on property awarded to her.

In *Ward v. Ward,* 236 Ga. 860 (226 SE2d 52) (1976), this court affirmed a judgment holding a former husband in contempt for failure to pay tax liens filed by the United ' States government against the husband and wife. These liens were determined to be included within the meaning of the provision of the divorce decree which required that the husband convey property to the wife free and clear of all liens, judgments and encumbrances. The liens were filed after the deed was executed. In principle the *Ward* case is analogous to the present case because the husband was held in contempt for failure to pay tax liens under a requirement to convey property to the wife free of encumbrances. As in the present case, there was no specific command in the decree to pay tax liens.

A warranty deed warrants the title against outstanding tax liens. The interpretation of the divorce decree by the judge, that the requirement that the former husband convey real property to the former wife by warranty deed meant that he was to pay taxes due on the property, was not a modification of the divorce decree, and it was not error to require the former husband to pay these taxes.

2. The former wife in her cross appeal contends that the judge erred in not requiring the former husband to pay taxes on the property awarded to her for the entire year of 1977, since he was the owner of the property on January 1st of that year and legally liable for the taxes.

Ad valorem tax liability is determined by the ownership of property on January 1st of each year. Code §, 92-6202; *Jones v. Morse Bros. Lumber Co.,* 171 Ga. 753 (156 SE 587) (1930); *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358, 360 (6) (227 SE2d 362) (1976).

Tax liability had attached to the former husband at the time of the divorce decree, and since the decree did not provide that the former wife should pay any portion of the taxes for 1977, the duty to convey the property by warranty deed included the duty to pay the taxes for the entire year of 1977. The trial judge erred in providing that the former wife should pay any portion of the 1977 taxes.

3. The former wife contends that the court erred in

failing to consider whether the husband was in contempt of court, and not receiving evidence and considering an award of attorney fees to her.

The judge did not refuse to hear evidence on the issue of contempt, but none was offered by either party. Under the record we find that the judge did not abuse his discretion in refusing to hold the former husband in contempt.

*Judgment affirmed on main appeal; affirmed in part and reversed in part on cross appeal. All the Justices concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 4, 1978.

*Rupert A. Brown, Davis, Davidson & Hopkins, Jack S. Davidson,* for appellant.

*Hudson & Montgomery, Jim Hudson,* for appellee.