## 34035. GARNER v. GARNER.

UNDERCOFLER, Presiding Justice.

This contempt action arises from a divorce in which possession of the parties' personal property was put in issue, but not specifically awarded by the jury. The final judgment, entered by the trial court several weeks later, added to the jury verdict giving the house and car to the wife: "All the balance of the property is awarded to the [husband]." When the wife refused to turn over the personal property, he brought this contempt action. The contempt court awarded him only the stereo, color television, and riding mower. He appeals, seeking the furniture, pots and pans, and other household goods on the strength of the trial court's judgment in the divorce case. We affirm.

It is clear that the personal property award added to the jury's verdict by the court in its final judgment was improper. Code Ann. § 110-111; *Bradley v. Bradley,* 233 Ga. 83 (210 SE2d 1) (1974); *Fried v. Fried,* 208 Ga. 861 (69 SE 862) (1952). Since the trial court was not authorized to award any additional property to the husband after the jury's verdict,[1] and the evidence, although conflicting in part, tended to show that most of the personal property was purchased by the wife or given to her by her husband or her mother, we fail to see how the husband has been harmed by the trial court's ruling in the contempt case giving him only these three items. Because he has failed to show any harm and the wife has not complained of the award of this property to the husband by cross appeal, we affirm the trial court.

*Judgment affirmed. All the Justices concur, except Hill, J., who is disqualified.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED OCTOBER 4, 1978 — REHEARING DENIED OCTOBER 25, 1978.

---

[1] The trial court may interpret the divorce decree in deciding the contempt issue before him. E.g., *Nolan v. Moore,* 241 Ga. 156 (244 SE2d 10) (1978); *Berman v. Berman,* 239 Ga. 443 (238 SE2d 27) (1977). The wife asserts that the award of the house included an award of the personal property within it.

*Word, Cook & Word, Reuben M. Word,* for appellant.
*Johnson & Beckham, William P. Johnson,* for appellee.