## 34697. DAVIS v. DAVIS.

HILL, Justice.

The husband brings this appeal from an order of the Superior Court of Jeff Davis County finding him in contempt of court under a final decree of divorce. That decree provided that he should pay his wife $5,000 lump sum alimony and $125 attorney fees. The defendant informed the plaintiff of his intention to pay these sums in a combination of pennies and one dollar bills, at his attorney's office in Hazelhurst, and that he wanted a receipt from both the wife and her attorney, both of whom are from Alma. His wife filed an attachment for contempt. Following a hearing on December 4, 1978, the trial court entered an order finding the husband in contempt, ordering the payment of an additional $200 as attorney fees for the contempt action, and ordering payment of the entire amount by certified or cashier's check or in one hundred dollar U. S. Federal Reserve Notes.[1]

The husband here claimed the right to pay $5,000 in alimony, plus attorney fees, in one dollar bills and pennies

---

[1]We note that the divorce decree also provided child support payments of $125 per month. If a husband can satisfy his alimony and attorney fee obligation by payment in pennies at his lawyer's office, he could do the same as to his monthly alimony and child support obligations.

to the wife and her attorney, at his attorney's office, and to get a receipt from both of them. To give a receipt would have required that the payment be counted at the husband's attorney's office. The husband did not offer to pay for travel expenses or time consumed in counting coins and low denomination bills. At the least, the wife and her attorney would have been tied up several hours.

The trial court has the power to see that there be compliance with the intent and spirit of its decrees and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party. *Reid v. McRae,* 190 Ga. 323 (3) (9 SE2d 176) (1940). As was said in *Reid v. McRae,* supra, 190 Ga. at 333: "While the language of the decree or order should not be extended to cover acts not fairly and reasonably within its meaning, the violation of the spirit of an injunction, even though its strict letter may not have been disregarded, is a breach of the mandate of the court, which will not allow its process to be disregarded or evaded on merely technical grounds." See also Code Ann. § 20-1101. In *Patten v. Miller,* 190 Ga. 152, 159 (8 SE2d 786) (1940), this court said: "It is the spirit more than the letter of the injunction to which obedience is required. . . In cases of contempt the trial judge is vested with a discretion in determining whether his orders have been violated and how such infringements should be treated; and it has been said that this court will not disturb his judgment, unless it appears that he has abused his discretion."

The trial court's finding that defendant's offer to pay $5,125 in pennies and dollar bills amounted to contempt is supported by the evidence and did not work a modification of the terms of the decree. *Berman v. Berman,* 239 Ga. 443 (2) (238 SE2d 27) (1977); *Ward v. Ward,* 236 Ga. 860 (226 SE2d 52) (1976).

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

Submitted March 16, 1979 — Decided April 4, 1979.

*Herschel B. Herrington,* for appellant.

*Andrew A. Taylor,* for appellee.