## 36093. KAUFMANN v. KAUFMANN.

CLARKE, Justice.

Gary E. Kaufmann appeals an order holding him in contempt of court for wilfully disobeying a previous order arising out of a case involving divorce, alimony, custody, child support and property division. The parties were granted a divorce in 1977 and in February, 1978, an order was entered disposing of the remaining issues in the original case. There were two subsequent orders resulting from contempt proceedings. In the order which is the subject of this appeal, entered September 13, 1979, the court held Dr. Kaufmann in contempt of court but allowed him to purge himself by paying $15,000 representing minimal costs for repair of the home awarded to Mrs. Kaufmann by the divorce decree, $1,409.15 for 1978 ad valorem taxes and $700 as attorney fees. Dr. Kaufmann enumerates twenty errors which deal with four basic issues to be decided by the court: (1) Is imprisonment for contempt unconstitutional in this case as imprisonment for debt? (2) Did the court's order that Dr. Kaufmann pay $15,000 to Mrs. Kaufmann for repairs to the home constitute a modification of its original order? (3) Did the court's order that Dr. Kaufmann pay the 1978 ad valorem taxes constitute a modification of its original order? (4) Was the award of attorney fees erroneous?

1. Appellant argues that imprisonment for contempt in a case involving alimony constitutes an unconstitutional imprisonment for debt. This issue is well settled in regard to civil contempt cases. *Davis v. Davis,* 138 Ga. 8 (74 SE 830) (1912). It further appears that a finding of criminal contempt with the sanction of *unconditional* imprisonment for non-payment of alimony is constitutionally permissible. *Ensley v. Ensley,* 239 Ga. 860 (238 SE2d 920) (1977), and cases cited therein. If the contemnor, although ordered imprisoned, may purge himself prior to the imprisonment, the case is a civil contempt. This is the situation before us. The sanction imposed by the court is constitutionally permissible.

2. Dr. Kaufmann insists that the court erred in finding him in contempt for his failure to pay the 1978 ad valorem taxes on the former marital home. He argues that the order that he pay the ad valorem taxes amounts to an impermissible modification of a final judgment and decree in a contempt setting.

The final judgment and decree of the trial court on all issues

except that of divorce was entered in February, 1978. The decree is silent as to the payment of the ad valorem taxes: "As additional division in kind alimony, Defendant shall convey to Plaintiff all his right, title and interest in and to the residence of the parties known as 630 Colebrook Court, N.W., Atlanta, Georgia, and Defendant shall execute a conveyance to Plaintiff transferring said residence to her subject to the existing encumbrances thereon, including a first mortgage to The Equitable Life Insurance Comapny [sic], payable at the rate of $550.00 per month, and a second mortgage encumbrance payable to Joseph Troop and Troop and Associates, Inc. with a balance face amount due of approximately $6,000.00." Mrs. Kaufmann contends that since Dr. Kaufmann was the owner of the home on January 1, 1978, the obligation to pay the ad valorem taxes is his obligation. It is true that ad valorem tax liability is determined by ownership of property on January 1 of a given year. Code Ann. § 92-6202; *Weaver v. Weaver,* 242 Ga. 327 (249 SE2d 36) (1978); *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358 (227 SE2d 362) (1976). This court has held that the husband, owner of the property on January 1 of the year the parties divorced, was liable for ad valorem taxes even though the decree was silent as to the responsibility for such taxes where the decree provided that the property be conveyed free of encumbrances. *Ward v. Ward,* 236 Ga. 860 (226 SE2d 52) (1976). The court has found the ad valorem taxes to be the responsibility of the husband where the conveyance was by warranty deed when the decree was silent on the duty to pay the taxes and where there was no specific command to convey the property free of encumbrances. *Weaver v. Weaver, supra.*

Here, the decree is silent as to who will pay the ad valorem taxes. The decree provides that the house be *transferred* to wife subject to existing encumbrances thereon. The transfer was accomplished by quitclaim deed. A further paragraph in the decree provides: "On and after the date of this Judgment, Defendant shall not be responsible for any debt or obligation incurred by Plaintiff, and Plaintiff shall not be responsible for any debt or obligation incurred by Defendant, however any reasonable family obligations incurred prior to the entry of this Final Dispositive Judgment and Decree shall be paid by Defendant."

It is clear that the 1978 ad valorem taxes on the marital dwelling, which was in Dr. Kaufmann's name, was a reasonable family expense incurred prior to the divorce. The word "incur" has been interpreted in this State to have its ordinary meaning. *Ga. Farm Bureau Mutual Ins. Co. v. Calhoun,* 127 Ga. App. 213 (193 SE2d 35) (1972). The definitions found in Webster's Third New International Dictionary and Black's Law Dictionary indicate that the common meaning is to

become liable or subject to. There is no question but that Dr. Kaufmann became liable for the 1978 ad valorem taxes on January 1, 1978, due to his status as owner of the house. This is true even though these taxes were not payable at that time. Since he was responsible for all reasonable family obligations incurred before the divorce, the court did not modify its original decree in finding in its order of December, 1978, that the obligation to pay the taxes belonged to Dr. Kaufmann and in subsequently finding him in contempt of court when he failed to pay the taxes.

There is a further reason that the court's finding Dr. Kaufmann in contempt due to his nonpayment of ad valorem taxes is proper. The court in its order of December 7, 1978, specifically ordered Dr. Kaufmann to pay the ad valorem taxes. This order was not appealed. Accordingly, Dr. Kaufmann is now bound by the terms of the 1978 order. *Gallit v. Buckley,* 240 Ga. 621 (242 SE2d 89) (1978); *Hall v. Hall,* 240 Ga. 28 (239 SE2d 356) (1977).

3. Dr. Kaufmann assigns several enumerations of error to that portion of the contempt order indicating that he is in contempt for failure to obey that part of the original decree which ordered him to make such repairs to the marital dwelling as would render it "suitable and habitable" and that he may purge himself of contempt by paying $15,000 to Mrs. Kaufmann. Dr. Kaufmann insists that this constitutes a modification of the original decree, which provided that he ". . . satisfactorily see that the house is repaired to make it habitable and suitable for the Plaintiff and children at his own expense and within a reasonable period of time." In its order of December 7, 1978, following a hearing on Mrs. Kaufmann's application for an attachment for contempt, the court ordered that this be completed within six months and that it be accepted by Mrs. Kaufmann. In its finding of facts in the September, 1979, order, the court specifically found that since the court's December, 1978, order, Dr. Kaufmann had taken no steps to repair the home. The court found that the evidence of experts of both parties showed that the home was minimally in need of repairs costing $15,000. The court found, further, that the services of a professional engineer would be needed to carry out the necessary structural repairs and ordered that Dr. Kaufmann obtain and pay for the services of his own expert witness for supervision of the restoration.

A court may not modify a previous decree in a contempt order. *Gallit v. Buckley,* 240 Ga. 621, supra. However, a court may always interpret and clarify its own orders. *Ward v. Ward,* 236 Ga. 860, supra; *Roberts v. Roberts,* 229 Ga. 689 (194 SE2d 100) (1972). The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the

apparent intention of the original order as to amount to a modification. *Cf. Ward v. Ward,* supra. "The trial court has the power to see that there be compliance with the intent and spirit of its decrees and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party." *Davis v. Davis,* 243 Ga. 421, 422 (254 SE2d 370) (1979). The trial court in a contempt case has wide discretion to determine whether his orders have been violated. His determination will not be disturbed on appeal in the absence of an abuse of discretion. *Ward v. Ward,* supra; *Reid v. McRae,* 190 Ga. 323 (9 SE2d 176) (1940). We find that inasmuch as Dr. Kaufmann was apparently unwilling to arrange for repairs to the home, and inasmuch as he failed to even begin the repairs ordered completed within six months following the court's first contempt order of December, 1978, the court did not abuse its discretion by finding him in wilful contempt and by directing that he might purge himself by the payment of $15,000 for the repairs and by obtaining the services of his own expert as supervising engineer.

4. The final issue before the court is whether the court's award to Mrs. Kaufmann of $700 in attorney fees was error in light of the repeal of Code Ann. § 30-219 (Ga. L. 1979, pp. 466, 482, eff. April 4, 1979). Inasmuch as the General Assembly enacted § 30-202.1(a)(1) as part of the same legislation which repealed Code Ann. § 30-219, Dr. Kaufmann's argument that attorney fees are not available in a contempt case is without merit.

The court has considered all other enumerations of error assigned by the appellant and finds them to be without merit.

*Judgment affirmed. All the Justices concur.*

Submitted March 28, 1980 — Decided September 8, 1980.

*Tony Center,* for appellant.
*Lawrence B. Custer,* for appellee.