### 39082. DAVIS v. DAVIS.

MARSHALL, Presiding Justice.

Ronald J. Davis appeals from an order holding him in contempt of court for disobeying the final decree in the parties' divorce case. A temporary order in the case had provided that the appellant was to pay the monthly house payments owing on the marital home. The final decree provided that the temporary order "shall remain in full force and effect until the [marital home] is sold; said sale to be consummated within six (6) months from this date at a sales price to be determined by [the appellee-wife, George Ann] . . ." The appellant previously had been held in "nonwilful contempt" of court for failure to make further payments on the house, which had not been sold after six months. The judge in that contempt proceeding held that the liability for the payments continued even after the six-month period in which the house was to have been sold; found that the wife had made no effort to obstruct the sale, having made every effort to sell the home through various ads and listings with several licensed real

estate brokers; found against the husband's contention that he was financially unable to make the payments; and held that any future failure of compliance with the order would be considered to be wilful. This order was never appealed.

"A court may not modify a previous decree in a contempt order. *Gallit v. Buckley,* 240 Ga. 621 [(242 SE2d 89) (1978)]. However, a court may always interpret and clarify its own orders. *Ward v. Ward,* 236 Ga. 860 [(226 SE2d 52) (1976)]; *Roberts v. Roberts,* 229 Ga. 689 (194 SE2d 100) (1972). The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification. Cf. *Ward v. Ward,* supra. 'The trial court has the power to see that there be compliance with the intent and spirit of its decrees and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party.' *Davis v. Davis,* 243 Ga. 421, 422 (254 SE2d 370) (1979). The trial court in a contempt case has wide discretion to determine whether his orders have been violated. His determination will not be disturbed on appeal in the absence of an abuse of discretion. *Ward v. Ward,* supra; *Reid v. McRae,* 190 Ga. 323 (9 SE2d 176) (1940)." *Kaufmann v. Kaufmann,* 246 Ga. 266, 268 (3) (271 SE2d 175) (1980).

There can be no "nonwilful contempt of court," for the reason that "there must be a *wilful* disobedience of the court's decree or judgment by the offending party before he is in contempt of court and can be so adjudged." (Emphasis supplied.) *Atwell v. Hill,* 226 Ga. 560, 562 (176 SE2d 60) (1970) and cit. Perhaps the confusion as to "wilful contempt" has come about by this court's use of this term. E.g., cases cited in *Parr v. Parr,* 244 Ga. 168 (1) (259 SE2d 432) (1979). At any rate, use of the term "wilful" to modify "contempt" would seem to be redundant and misleading, since there can be no contempt unless it is wilful.

We hold that the trial judge did not abuse his discretion in clarifying the provisions of the final divorce decree and determining that the decree had been violated. It is apparent that the intention of the provision in question was to protect the appellee and her minor child from suffering a loss of the home until a sale could be consummated. Even if we did not take judicial notice of the current "slow" housing market, the evidence shows that the appellee has made good-faith efforts to sell the home. The record is devoid of any protest on the part of the appellant that the price placed on the home was unreasonable, whereby a sale would be thwarted or "chilled." Also, the appellant had a stake of $17,000 that was to go to him whenever the house was sold; therefore, it is logical that he would not have waited these many months to protest the listed price if he felt

that the house was being overpriced.

If the court had intended for the appellant's obligation to terminate at the end of six months, such a provision could have been specifically stated. It was not, and the appellant could have requested a clarification by the court, but failed to do so.

*Judgment affirmed. All the Justices concur, except Bell, J., not participating.*

DECIDED NOVEMBER 2, 1982.

*C. James McCallar, Jr.,* for appellant.
*John J. Sullivan,* for appellee.