## A95A0047. DEPARTMENT OF HUMAN RESOURCES v. HAMBRICK.
### (455 SE2d 120)

BLACKBURN, Judge.

The appellant, the Department of Human Resources of the State of Georgia (DHR), acting in the interest of a minor child, initiated this contempt action against the appellee, Jessie Hambrick, to recover a child support arrearage of $8,023 due pursuant to a divorce decree. Hambrick filed an answer in which he, for the first time, denied paternity of the minor child and requested that the trial court order blood testing for the purpose of determining paternity. The trial court determined that Hambrick was in contempt for failure to honor his child support obligation, but simultaneously ordered blood testing for Hambrick. Thereafter, we granted DHR's application for discretionary review, and DHR filed this appeal.

DHR enumerates that the trial court erred by ordering blood testing in that the issue of paternity was res judicata. We agree.

The parties were divorced in 1988. While the pleadings in the divorce action are not contained in the record herein, the final decree therein reflects a finding by the court that appellee is the minor

child's natural father. OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." See *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 758 (439 SE2d 474) (1994). There is no allegation of mistake or fraud as to the original finding of the court of the paternity of the child. The issue of paternity therefore was decided in the prior divorce action and cannot be relitigated herein. See *Macuch v. Pettey*, 170 Ga. App. 467, 468 (1) (317 SE2d 262) (1984); see also *Dept. of Human Resources v. Hurst*, 208 Ga. App. 792, 793 (432 SE2d 236) (1993).

Accordingly, the order of the trial court is erroneous insofar as it directs blood testing to determine Hambrick's paternity and to that extent it must be reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 10, 1995.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Kevin M. O'Connor, Assistant Attorneys General,* for appellant.
*Andrew J. Hill, Jr., Margaret N. Dyal,* for appellee.

