A95A2531. DEPARTMENT OF HUMAN RESOURCES
v. JOHNSTON.
(469 SE2d 525)

RUFFIN, Judge.

The Georgia Department of Human Resources ("Department") appeals the trial court's order requiring the parties to undergo blood testing to establish paternity. We granted the Department's application for interlocutory appeal to determine whether the issue of paternity has been previously litigated and is res judicata as well as to

determine whether the court impermissibly conditioned its support order on the results of the blood test in a contempt proceeding. For reasons which follow, we affirm.

In January 1993, the Department received from the state of West Virginia a Uniform Reciprocal Enforcement of Support Act ("URESA") petition to recover past due child support from Robert Johnston. The petition alleged that Johnston, who resided in Georgia, was the father of the petitioner's two minor children. A hearing on the matter was set for September 9, 1993, in the Gordon County Superior Court. Johnston contends, and the Department does not dispute, that he attended the hearing pro se, and the Department's attorney agreed to continue the hearing in order to arrange for paternity testing. The order continuing the matter until October 14, 1993, has a handwritten notation initialed by the Department's attorney stating that it was served by hand delivery to Johnston. Johnston contends he never received the order, and he failed to attend the hearing in October. The court then issued an order requiring Johnston to make weekly child support payments and payments toward a $10,337 arrearage ("the October order"). Johnston made no payments, and in March 1995, the Department filed a petition for contempt.

Johnston then filed a motion to vacate the October order, claiming he was not the father of the children and that he was not notified of the October hearing. Attached to and referenced in Johnston's motion was his response to the contempt petition in which he denied that he was indebted in any manner to the mother/petitioner. In June 1995, the court held a hearing and found that Johnston was properly notified of the October hearing but failed to appear. The court ordered Johnston to pay the overdue child support into the court's registry and also ordered the parties to undergo blood testing to determine the children's paternity. The order specified that if paternity was not established, the money Johnston paid would be refunded.

1. Relying on a pre-printed statement in the form October order that "[r]espondent has a duty to support his minor children," the Department contends the issue of paternity has been previously litigated and is res judicata; therefore, the trial court erred in ordering blood testing. The authority upon which the Department relies clearly holds that in the absence of fraud or mistake, where the issue of paternity has previously been decided, it cannot be relitigated. *Dept. of Human Resources v. Hambrick*, 216 Ga. App. 606 (455 SE2d 120) (1995). However, unlike *Hambrick*, in which the parties' final divorce decree "reflects a finding by the court that appellee is the minor child's natural father," in this case we do not find the bare assertion upon which the Department relies to be evidence that the issue of paternity has been previously litigated and is thus res judicata. Cf. *Dept. of Human*

*Resources v. Hurst,* 208 Ga. App. 792 (432 SE2d 236) (1993) (parties agree paternity was established in final judgment and divorce decree). Accordingly, the trial court did not err in ordering blood testing on this ground.

2. The Department contends that even if the issue of paternity is not res judicata, the court still erred in ordering blood testing at this juncture because "[a] court may not modify a previous [support] decree in a contempt order. [Cit.]" *Kaufmann v. Kaufmann,* 246 Ga. 266, 268 (271 SE2d 175) (1980).

We disagree because we do not find that the order for blood testing, which was prepared by the Department's own lawyer, was a contempt order or arose in the context of a contempt proceeding. The order specifically references the hearing held on Johnston's motion to set aside and vacate the October 14 support order. Although the Department argues that Johnston's motion to vacate was part and parcel of the contempt proceeding, the court has not heard any evidence on the issue of contempt, nor issued an order determining that there is an arrearage and finding Johnston in contempt. Cf. *Kaufmann,* supra; *Dept. of Human Resources v. Brown,* 196 Ga. App. 875 (397 SE2d 73) (1990). Accordingly, we find that although the court's order for blood testing may have appeared to modify the previous support order, it did not do so in the context of a contempt proceeding. Given our finding in Division 1 that paternity has never been established, despite Johnston's apparent attempt to do so initially, the court did not err in ordering the test.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1996.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kevin M. O'Connor, David A. Hooker, Assistant Attorneys General,* for appellant.

*Perrotta, Levinson & Paul, Brian R. Cahn, William T. Elsey,* for appellee.