**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A0999.  FERRIERO  v.  PROGRESSIVE  PREMIER
INSURANCE COMPANY OF ILLINOIS.

MCFADDEN, Presiding Judge.

This appeal challenges an order dismissing a complaint for lack of service on the defendant. Because the trial court erred in finding that there was no evidence of substitute service under OCGA § 9-11-4 (e) (7), we vacate the order of dismissal and remand the case for further proceedings.

1. *Facts and procedural posture*

Beverly Ferriero filed a complaint against Gustavo Rivera for personal injuries allegedly sustained in a motor vehicle collision. Ferriero served Progressive Premier Insurance Company of Illinois, her purported uninsured motorist ("UM") carrier, with a copy of the complaint. Progressive filed a motion to dismiss the complaint for

lack of service on Rivera. See OCGA § 33-7-11 (d) (UM carrier has the right to file pleadings and take other action allowable by law in the name of either the defendant or itself). Ferriero responded that Rivera had been served by substitute service under OCGA § 9-11-4 (e) (7), citing the affidavit of diligence of a court-appointed process server. See *Tolbert v. Murrell*, 253 Ga. 566, 567 (1) (322 SE2d 487) (1984) ("OCGA § 9-11-4 ([e]) (7) requires that the complaint and summons be served on the defendant personally, or *by leaving copies thereof at [the defendant's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.* . . . The emphasized language is known as substituted . . . service.") (citation, punctuation, and footnote omitted; emphasis in original).

In the affidavit, the process server indicated that he had unsuccessfully attempted to serve Rivera at the address set forth in the complaint; that Rivera's mother informed him that Rivera was in the army and living in Michigan; that he left a copy of the complaint, summons, and other documents with the mother; and that the mother said she would contact an attorney. Ferriero also provided evidence of an email from the process server confirming that he had left courtesy copies of the documents with Rivera's mother.

The trial court granted the motion to dismiss, finding that the complaint had been filed one day before the expiration of the two-year statute of limitation (OCGA § 9-3-33); that Ferriero had served Progressive 24 days after the expiration of the statute, but had not yet served Rivera; and that Ferriero had failed to show the exercise of the greatest possible diligence to ensure proper and timely service.

With regard to Ferriero's assertion of substitute service by leaving copies of the summons and complaint with Rivera's mother, the court found that such service would have been proper under OCGA § 9-11-4 (e) (7), but that "there is no proof in the record of this [service] happening." Ferriero appeals from the order of dismissal for insufficient service.

2. *Abuse of discretion*

"We start with our standard of review: When reviewing a ruling on a motion to dismiss for insufficient service, a trial court's ruling will be upheld on appeal absent a showing of an abuse of discretion." *Life Cycle OB/GYN v. Gill*, 375 Ga. App. 837, 839 (1) (____ SE2d ____) (2025) (citation and punctuation omitted). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where

that ruling misstates or misapplies the relevant law." *Swearngin v. Rowell*, 356 Ga. App. 67, 71 (2) (846 SE2d 263) (2020) (citation, punctuation, and emphasis omitted).

In this case, the trial court's finding that Ferriero had presented no evidence of substitute service is not supported by the record. On the contrary, as recounted above, the record contains some evidence of such service in the form of the affidavit of the process server and his email stating that he had left the documents with Rivera's mother. The trial court, which failed to acknowledge or address this evidence in its order of dismissal, therefore abused its discretion in finding as a matter of fact that there was no evidence of substitute service. See *Cox v. Mayan Lagoon Estates Ltd.*, 319 Ga. App. 101, 102-106 (1) (734 SE2d 883) (2012) (in granting motion to dismiss for insufficient service of process, trial court erred in finding no evidence of an agency relationship by which service could have been accepted because there was some evidence of such an agency relationship). Compare *Crary v. Clautice*, 318 Ga. 573, 577-578 (3) (899 SE2d 98) (2024) (no abuse of discretion in denying motion for contempt where record supported trial court's finding that there was no evidence of contempt); *Bankhead v. Moss*, 210 Ga. App. 508, 509-510 (1) (436 SE2d 723) (1993) (no abuse of discretion in awarding attorney fees to defendant on frivolous claim for concealing

4

termite infestation where record supported trial court's finding that there was no evidence defendant knew of any such infestation or damage to the premises).

We make no determination as to whether the record evidence establishes that there was in fact proper and timely substitute service because such findings must be made by the trial court in the first instance. See *Cox*, supra at 102 (1) ("[f]actual disputes regarding service are to be resolved by the trial court") (citation and punctuation omitted); *Focus Healthcare Med. Center v. O'Neal*, 253 Ga. App. 298, 303 (b) (558 SE2d 818) (2002) (it is for the trial judge to decide weight and credibility of evidence regarding substitute service at defendant's usual place of abode); *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991) (affidavits regarding service created a factual dispute to be resolved by the trial court). But because the trial court abused its discretion by ignoring Ferriero's evidence and erroneously finding that there was no evidence of substitute service, we must vacate the trial court's order and remand the case for the court to determine whether or not there is competent record evidence establishing proper and timely substitute service. See *Cox*, supra at 106 (1) (trial court's erroneous disregard of evidence in deciding motion to dismiss required remand to trial court for reconsideration of motion). See also *Tolbert*, supra

(addressing issue of "whether or not service of process upon a serviceman's mother at her home while the son, who formerly lived there, is serving an enlistment in the military outside the state satisfies the statutory requirement of leaving copies thereof at his dwelling house or usual place of abode") (punctuation omitted).

*Judgment vacated and case remanded with direction. Hodges and Pipkin, JJ., concur.*