OLIVER-McDONALD CO. *v.* SWIFT & CO.; and vice versa.

Where a party to a case in the trial court, after the motion for new trial was overruled, sued out a writ of error to the Court of Appeals, and the defendant in error filed a cross-bill of exceptions, in which were raised certain constitutional questions of which this court alone has jurisdiction, rendering it necessary that the cross-bill of exceptions should be transmitted to this court, the main bill of exceptions should also be transmitted to this court, which court will retain the entire case and decide the questions in both bills of exceptions, or, if the judgment of the court below on the main bill of exceptions is affirmed, dismiss the cross-bill.

No. 3632. DECEMBER 13, 1923.

The Court of Appeals (in Cases Nos. 13641 and 13647) requested instruction from the Supreme Court upon the following question involved therein: The plaintiff in error in the main bill of exceptions, who was plaintiff in the court below, purchased of the defendant in error in the main bill of exceptions, the defendant in the court below, seventy-five tons of commercial fertilizer, paying for the same in cash, and thereafter filed a suit against the defendant, the seller: (a) For the recovery, under section 2 of the act of August 22, 1911 (Ga. L. 1911, p. 172; Park's Ann. Code, § 1778(b), of damages in the "sum of twenty-five per cent. of the purchase-price, plus the shortage of" the actual commercial value of said fertilizer, alleging such shortage or deficiency to be in excess of three per cent. below the guaranteed commercial value as shown by the analysis branded upon the bags or sacks in which the same was contained; and also: (b) For the recovery, under sections 3 and 4 of said act (Park's Ann. Code, §§ 1778(c), 1778(d)), of damages in the "sum of twenty-five per cent. of the purchase-price, plus the shortage of" the actual commercial value of such fertilizer, alleging such shortage or deficiency to be in excess of 10 per cent. below the commercial value as shown by the analysis "published and branded or tagged on the sacks or packages thereof," and further alleging that the guaranteed analysis so published was false and incorrect to the extent of such deficiency or shortage; and also: (c) For the recovery, by virtue of the provisions of section 1776 of the Civil Code of 1910, of the full amount of the purchase-price so paid, upon the alleged ground, "that said commercial fertilizer, so sold and delivered as aforesaid, contained such an amount of water, to wit, 20.75 per cent., as to render the

handling and manipulation of the same difficult and to cause the clogging of fertilizer distributors in which said fertilizer was sought to be distributed, by reason of its bad mechanical condition; that by reason of the excessive amount of water contained in said fertilizer as aforesaid the sale of same to petitioner by said Swift & Company was contrary to law, was expressly forbidden by law, and was absolutely void under the law. Petitioner having paid the full purchase-price of said fertilizer, to wit, $3,207.75, to said Swift & Company on the 10th day of March, 1920, shows that said Swift & Company is indebted to petitioner, as the purchaser of said fertilizer, the full amount so paid said Swift & Company therefor, together with interest on the same at the rate of seven per cent. from date of payment; and for which said sum, with interest, petitioner prays a finding, adjudication, and judgment in its favor and against said Swift & Company."

Although the aggregate of the sums claimed in the several paragraphs of the plaintiff's petition would exceed the purchase-price, the prayer of the suit was for the recovery of the amount of the purchase-price only. The seller interposed a demurrer to the petition, attacking upon various grounds the constitutionality of each and all of the above-mentioned code sections and statutes, by virtue of which the plaintiff claimed the right of maintaining its suit. These demurrers were overruled. The verdict was in favor of the plaintiff, but for a sum far less than that which was sued for; and the plaintiff, being dissatisfied therewith, filed a motion for a new trial, which as amended complained that various material errors were committed by the court against it in the progress of the trial. The court passed a judgment overruling the motion, and upon this judgment the plaintiff assigned error in the main bill of exceptions. Whereupon, in a cross-bill of exceptions, the defendant assigned error upon the overruling of its demurrers. Thus, in the cross-bill of exceptions, and in that only, the constitutionality of the statutes is drawn in question, a determination of which would be necessary to a decision upon the assignments of error of the cross-bill. Question: Assuming that the constitutional questions which are thus brought up in the cross-bill of exceptions are properly raised for adjudication, has the Court of Appeals jurisdiction of the case as made in the main bill of exceptions, regardless of whether the judgment of the court below should be affirmed or should be reversed

upon a consideration of the main bill; or should both bills of exceptions be transferred to the Supreme Court?

*J. A. Hixon* and *Stephen Pace,* for plaintiff in error.

*Tye, Peeples & Tye* and *Wallis & Fort,* contra.

BECK, P. J. The case presented to the appellate court by the cross-bill of exceptions is essentially a part of the main case; that is, the case made by the assignments of error in the main bill of exceptions.. It may stand on the docket as a separate and distinct case; and from certain other viewpoints it might be regarded as a separate and distinct case; but it is essentially a part of the main case. In this court and in the Court of Appeals questions made in the cross-bill of exceptions are invariably argued along with those made in the main bill. The cross-bill of exceptions might be considered as a branch of the main bill. For failure to comply with certain provisions of the law the branch might be lopped off; that is, the cross-bill of exceptions might be dismissed and leave the main bill still in court. We will not undertake to cite the decisions throwing light upon this question from any standpoint. If the main bill of exceptions raised questions which gave this court jurisdiction, it seems quite clear that the cross-bill of exceptions should accompany the main bill to this court; that is, they should go together. And we are of the opinion that if the cross-bill of exceptions raises questions that can only be determined in this court, the main bill of exceptions should be here with it. If the main bill of exceptions remains in the Court of Appeals, and the cross-bill be transmitted to this court because it contains assignments of error based upon constitutional questions, this court in determining the constitutional questions raised might hold that the entire case was decided by the decision upon the constitutional question; and if the main bill of exceptions were left in the Court of Appeals, the decision might in some cases be rendered there which would not be in harmony with the decision in this court. Section 6148 of the Civil Code, relating to cross-bills of exceptions, reads as follows: "If a defendant in error excepts in any case by bill of exceptions, he shall prepare his bill of exceptions and proceed in the same manner as above provided, but shall not take up any portion of the evidence or record that is taken up by the main bill of exceptions." It will be seen from the provisions of the section just quoted that the defendant in error does not take up

any portion of the evidence or record that is taken up by the main bill of exceptions. It necessarily follows from the provisions of that section that if the cross-bill of exceptions should be sent to this court, unaccompanied by the main bill of exceptions, there might be in this court questions raised in the cross-bill which could not be determined without reference to the evidence or record brought up by the main bill of exceptions. As a rule, the cross-bill of exceptions could not make a complete case here if unaccompanied by the main bill of exceptions, which has the office of bringing up the record and evidence necessary to the determination of the assignments of error alleged to have been committed. We do not think that the fact that if the judgment of the court below is affirmed on the main bill of exceptions the cross-bill will be dismissed in the Court of Appeals, can be permitted to overcome other considerations in favor of the holding that, if the cross-bill is transmitted to this court because of the character of the assignments of error in the cross-bill, the main bill should also be transmitted to this court.                    *All the Justices concur.*