SHOUP *v.* ELLIOTT; *et vice versa.*

ATKINSON, Presiding Justice. 1. It was ruled in *Oliver-McDonald Co.* v. *Swift & Co.*, 157 *Ga.* 102 (120 S. E. 543), as follows: "Where a party to a case in the trial court, after the motion for new trial was overruled, sued out a writ of error to the Court of Appeals, and the defendant in error filed a cross-bill of exceptions, in which were raised cer-

tain constitutional questions of which this court alone has jurisdiction, rendering it necessary that the cross-bill of exceptions should be transmitted to this court, the main bill of exceptions should also be transmitted to this court, which court will retain the entire case and decide the questions in both bills of exceptions, or, if the judgment of the court below on the main bill of exceptions is affirmed, dismiss the cross-bill."

2. In *Harrell* v. *Parker*, 186 *Ga.* 760 (198 S. E. 776), it was determined: "Where an equitable petition was amended by striking the equitable features and converting it into an action at law for damages, but the amendment was allowed over objection, and this ruling was duly assigned as error, so that the propriety of the amendment is one of the matters for determination on appeal, the writ of error presents an equity case within the jurisdiction of the Supreme Court."

3. Upon application of the foregoing principles to the question propounded by the Court of Appeals, it is held that the case there referred to is one in equity, of which the Supreme Court and not the Court of Appeals has jurisdiction under the constitution of this State.

*Answer in affirmative. All the Justices concur.*

No. 13605.   MAY 17, 1941.

*G. S. Peck,* for plaintiff in error.
*Augustine Sams* and *J. A. McCurdy Jr.,* contra.