A90A2098, A90A2099. KING v. BISHOP; and vice versa.
(402 SE2d 307)

BIRDSONG, Presiding Judge.

Appellant/cross-appellee Sandra Wilson King appeals the award of attorney fees to appellee/cross-appellant Winford Kent Bishop who as trustee apparently hired himself as attorney to represent the trust against appellant's suit in equity to remove him as trustee. Bishop asserts that the award of attorney fees was proper, but by cross-appeal contends in essence that the removal action was invalid for diverse reasons, including that the trust provided for certain vested remaindermen who were not properly joined as parties to the action, that his resignation as trustee was conditional and that the condition has not been met, and that the order and judgment of the court does not express the terms to which he consented.

Pretermitting questions regarding the interpretation of the trust and whether either the main appeal or cross-appeal concerns equitable issues over which the Supreme Court of Georgia must exercise jurisdiction (compare OCGA § 53-13-29; *Citizens &c. Bank v. Orkin*, 223 Ga. 385, 392 (156 SE2d 86); *Ewing v. First Nat. Bank &c.*, 209 Ga. 932 (76 SE2d 791); *Georgia Veneer &c. Co. v. Fla. Nat. Bank*, 198 Ga. 591 (32 SE2d 465); *Shoup v. Elliott*, 192 Ga. 213 (14 SE2d 736) and *Harrell v. Parker*, 186 Ga. 760 (198 SE 776) with *Pickett v. Georgia &c. R. Co.*, 214 Ga. 263 (104 SE2d 450) and *Robinson v. Lindsey*, 184 Ga. 684 (192 SE 910); see also *Citizens &c. Bank v. Haskins*, 254 Ga. 131, 137 (4) (327 SE2d 192) (attorney fees under OCGA § 13-6-11 allowable in equity actions)), is the issue of whether the record ade-

quately reflects that all multiple claims (counterclaims) have been finally adjudicated, as the orders being appealed do not comply on their face with the requirements of OCGA § 9-11-54 (b).

The record reflects that appellee Bishop filed a timely answer to the petition for his removal as trustee and averred certain counterclaims against appellant King. Subsequently, after appellee Bishop made certain statements on the record that may reasonably be interpreted as constituting an offer to resign as trustee without condition, the trial court entered what it apparently considered to be a "consent" order and judgment of the parties. This order and judgment removed Bishop as trustee and pertinently stated that "the only issue remaining for adjudication is the defendant's request for attorney fees incurred in the defense of this lawsuit." The court reserved ruling on the issue of attorney fees, and directed the parties to follow a certain procedure for the filing of an itemized application for attorney fees and for any objection thereto. Thereafter the court awarded Bishop $8,000 in attorney fees "for representing himself as the trustee" of the subject trust in this litigation, and directed that no additional expenses are to be awarded for fees incurred in anticipation of the litigation.

The record does not contain any order or judgment expressly disposing of any of Bishop's counterclaims. Nevertheless, under certain circumstances, it might be inferred from the wording of the existing order and judgment that all of the counterclaims had been disposed of to the satisfaction of the parties, at least by the time the order granting attorney fees was entered. However, such is not the case in this instance. During a subsequent hearing on a motion for reconsideration, Bishop had several other motions pending; one of which was a motion for partial summary judgment as to Count 3 of Bishop's counterclaim. Although the order granting attorney fees to Bishop also contained a provision declaring that the motion for partial summary judgment was moot, no disposition was taken of this count in this or in any subsequent order attached to the record. Moreover, during the hearing, Bishop in essence asserted that his other pending motions were not rendered moot; one of these motions was a motion for an additional award of attorney fees on two grounds, including that of an award pursuant to OCGA § 9-15-14. Count 4 of Bishop's counterclaim is a separate count for attorney fees, and Bishop in his prayer for relief requested "attorney fees and expenses of litigation pursuant to OCGA § 9-15-14 (b)." Bishop also averred a counterclaim for abusive litigation which has not been expressly addressed. Thus, this record in its present posture obfuscates the actual rulings of the lower court, and currently reflects that at least some if not all of Bishop's counterclaims have not been subjected to final disposition.

" 'Where there is a case involving multiple parties or multiple

claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. [Cit.] In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the requirements of OCGA § 5-6-34 (b).'" *Cleveland v. Fulton County*, 196 Ga. App. 168, 170-171 (396 SE2d 2), citing *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677).

As the record tends to reflect that certain of the counterclaim issues may still be subject to litigation by and appear to remain under judicial consideration of the lower court, even after the alleged final order and judgment was entered, and as the record does not thereafter contain an affirmative disposition of all these counterclaims, and further as the parties were unable, during appellate argument to stipulate as to the final adjudication by the trial court of all multiple claims, it is therefore necessary in the aid of appellate jurisdiction to remand this case to the trial court with direction that it clarify the scope and nomenclature of the purported consent order. In doing so, the superior court may conduct such hearings and exercise such power, including those powers and principles of equity, as necessary to protect or effectuate its judgment. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

*Appeals dismissed without prejudice and cases remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1991 —
REHEARINGS DENIED FEBRUARY 19, 1991 — ▮▮▮▮▮▮▮

*Schreeder, Wheeler & Flint, David H. Flint, Timothy C. Batten,* for appellant.

*W. Kent Bishop,* pro se.

