## A92A0601. CASTRO et al. v. CAMBRIDGE SQUARE TOWNE HOUSES, INC.
### (420 SE2d 588)

Pope, Judge.

Plaintiffs/appellants appeal the denial of their motion to set aside the trial court's order awarding defendant/appellee attorney fees and expenses of litigation pursuant to OCGA § 9-15-14.

1. Relying on *Department of Transp. v. Franco's Pizza & Deli.*, 200 Ga. App. 723 (5) (409 SE2d 281) (1991), plaintiffs argue the trial court lacked jurisdiction to award attorney fees and expenses of litigation arising out of the original appeal to this court. In *Franco's*, the trial court awarded fees and expenses incurred in defending the appeal to this court. Id at 727. In setting aside the award we noted, inter alia, that "the trial court lacked jurisdiction over this case during the [appellate phase of the proceedings]." Id. at 728. Consequently, the plaintiffs correctly assert that OCGA § 9-15-14 provides no authority pursuant to which a trial court can award attorney fees and expenses of litigation for proceedings before our appellate courts, and that the trial court in this case was without jurisdiction to make such an award.

We disagree, however, that the award in this case must also be set aside inasmuch as we find the present case to be distinguishable from the situation in *Franco's*. Both the trial court's order and the transcript from the hearing in *Franco's* made it clear that the award was for attorney fees and expenses incurred while the case was on appeal to this court. Although the court in this case, in reciting the basis of the award, did mention the fact of the appeal, the outcome of the appeal (affirmance of the trial court's order granting summary judgment to defendant in accordance with our Rule 36), and the fact that plaintiffs' counsel requested oral argument but then failed to appear without notice to the court or opposing counsel, the court at no time stated that the award was for fees and expenses incurred during the appeal. At most the award in this case could be construed to include an award for both fees and expenses during the lower court proceedings and the subsequent proceedings before this court. However, in the hearing on the plaintiffs' motion to set aside, the trial court sought to clarify any ambiguity in the award by stating that the award did not include fees and expenses arising out of the appeal. The court also noted that it was aware that it did not have the authority to make such an award, that it had never made such an award in the past and that had it intended to make such an award in this case it would have increased the amount awarded by $3,000 or $4,000.

Plaintiffs argue, however, that the trial court's award necessarily included fees incurred during the appellate proceedings because the award was for approximately $25 more than the defendant repre-

sented to the court that it had incurred in defending the action in the lower court. However, the court in its order plainly stated that its award was for what it considered reasonable fees and expenses, not what the defendant stated it had incurred.

Plaintiffs also suggest on appeal that the trial court was without authority to "amend" its order after the expiration of the term during which it was entered. However, our reading of the transcript of the hearing on plaintiffs' motion to set aside does not support plaintiffs' argument that the trial court improperly intended to amend its previous order, but rather shows that the court, by its pronouncements during the hearing, merely intended to clarify its award to make it clear that the award did not include any prohibited amounts. The fact that the trial court at some point during the hearing may have used the word amend does not persuade us otherwise, as the trial court's intent to clarify its order was abundantly clear from the whole of the court's remarks. The court did have the authority to clarify its previous order. See *Opatut v. Guest Pond Club*, 254 Ga. 258 (5) (327 SE2d 487) (1985); *Davis v. Davis*, 250 Ga. 206, 207 (296 SE2d 722) (1982). In sum, we find no basis to reverse the award of attorney fees and expenses in this case.

2. Defendant has requested in its brief that we impose damages against plaintiffs pursuant to OCGA § 5-6-6. We cannot agree, however, that plaintiffs have appealed the denial of their motion to set aside solely for purposes of delay. Thus, we find that this is not a proper case for the imposition of damages under OCGA § 5-6-6.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 29, 1992 —
RECONSIDERATION DENIED JULY 1, 1992 — 

*Sonja L. Salo, McKinney & Thompson, Jan W. McKinney,* for appellants.

*Carter & Ansley, Robert A. Barnaby II, Rebecca I. Jones, David Atkinson,* for appellee.