### S05A0795. BARLOW v. THE STATE.
#### (621 SE2d 438)

HINES, Justice.

Defendant Timothy Bryan Barlow appeals a January 5, 2004 order of the Superior Court of Cobb County entered pursuant to the State's request for clarification of the superior court's prior order granting Barlow a new trial following his convictions for murder, rape, and aggravated sodomy.[1] The issue is whether the January 5, 2004 order was a clarification of the court's earlier grant of Barlow's motion for new trial or was, instead, an untimely reconsideration and modification of that previous ruling. For the reasons which follow, we conclude that the order was authorized as a clarification of the court's earlier ruling.

A chronology is necessary. After a jury trial in September 1999, Barlow was found guilty of malice murder, felony murder while in the commission of aggravated assault, rape, and aggravated sodomy; he was sentenced for the malice murder, rape, and aggravated sodomy.[2] He filed a motion for new trial on October 5, 1999, and amended the motion on October 30, 2001. On January 8, 2002, the superior court granted Barlow's motion for new trial, as amended, because of the court's charge to the jury that it could infer the intent to kill from the use of a deadly weapon, which charge was held to be error in *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001), and because the

---

[1] This Court granted Barlow's application for interlocutory appeal.

[2] The felony murder stood vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 372-374 (4), (5) (434 SE2d 479) (1993).

court deemed the error to be harmful. The order did not state that Barlow would be entitled to a new trial on all charges or that a retrial would be given only on the malice murder charge; however, the court expressly distinguished Barlow's case from *Oliver v. State*, 274 Ga. 539 (554 SE2d 474) (2001).

On January 31, 2002, the State filed an "amended motion for reconsideration" asserting that while the order granting a new trial did not specifically address whether Barlow would have to be retried on felony murder, rape, and aggravated sodomy, the "use of a deadly weapon" charge was harmless as a matter of law in regard to these charges because an intent to kill is not an element of the offenses. On February 4, 2002, the superior court entered an order appointing new trial counsel for Barlow.[3] The superior court, on March 20, 2002, denied the State's "amended motion for reconsideration" after concluding that the January 8, 2002 order was not subject to reconsideration because the State's motion had been filed after the term of court in which Barlow's motion for new trial was granted. The order recited that a new term of court had begun on January 14, 2002, and noted that the State's response to Barlow's brief in opposition to the "amended motion for reconsideration" contained as exhibits, inter alia, motions by the State to impose sentences and to clarify or correct sentences which were signed on January 14, 2002, but which had not been previously filed with the clerk of court.

On September 26, 2003, the State filed, pursuant to OCGA § 15-1-3 (6),[4] a motion for clarification of the January 8, 2002 order granting Barlow a new trial. The State asserted that it was uncertain about whether Barlow had been granted a new trial on only the malice murder charge. The superior court granted the State's motion for clarification on January 5, 2004, and explained that the grant of a new trial was limited to the malice murder charge.[5]

---

[3] The order, which was prepared by the appointed attorney, contained a statement that the case would be placed on a future trial calendar, "[s]ince a new trial was granted on all charges of the indictment."

[4] OCGA § 15-1-3 (6) provides that,

Every court has power:
. . .
(6) To amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth; . . .

[5] The order also noted that the State had the choice of retrying Barlow for malice murder or having Barlow sentenced for felony murder. See *Cochran v. State*, 276 Ga. 283, 285 (2) (576 SE2d 867) (2003).

In its order, the superior court cited both constitutional and statutory authority to effect its judgment.[6] Pretermitting questions of the ambit of such provisions, it is certain that the superior court has the power to interpret and clarify its own orders. *Blair v. Blair*, 272 Ga. 94, 96 (1) (527 SE2d 177) (2000); *Millner v. Millner*, 260 Ga. 495, 497 (2) (397 SE2d 289) (1990); *Kaufmann v. Kaufmann*, 246 Ga. 266, 268 (3) (271 SE2d 175) (1980). See also *Harper v. State*, 270 Ga. App. 376, 377 (1) (606 SE2d 599) (2004). Such power includes shedding light on the scope of an earlier ruling. *King v. Bishop*, 198 Ga. App. 622, 624 (402 SE2d 307) (1991). The trial court also has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon its own motion. *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995); *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979). However, such authority generally does not extend beyond the same term of court, unless a motion to modify, or vacate, or the like was filed within the same term of court. *Tanaka v. Pecqueur*, 268 Ga. App. 380 (601 SE2d 830) (2004). See also *Carswell v. Shannon*, 209 Ga. 596, 598-599 (2) (74 SE2d 850) (1953). Barlow implicitly concedes that the superior court had the authority to clarify its earlier order, but he maintains that the record demonstrates that the January 5, 2004 order was not a clarification but an untimely reconsideration and modification of its order granting a new trial on all charges. But that is not the case.

The test to determine if an order is clarified or modified is if the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification. *Kaufmann v. Kaufmann*, supra at 268-269 (3). The intent is found by looking at the *content* and *context* of the order. *Harvey v. Lindsey*, 251 Ga. App. 387, 390 (1) (554 SE2d 523) (2001). The content and context of the January 5, 2004 order support the determination that the ruling is a proper clarification of the order granting Barlow a new trial.

As to the content of the order, it expressly states that the court "clarifies" that a new trial applies to only the malice murder. The substance of the order does not vary from the order granting a new trial because that order did not state anything in regard to retrial

---

[6] The superior court specifically cited 1983 Ga. Const., Art. VI, Sec. I, Par. IV and OCGA § 15-1-3 (6).

Art. VI, Sec. I, Par. IV provides:

Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments; but only the superior and appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction. Each superior court, state court, and other courts of record may grant new trials on legal grounds.

other than that it was warranted because of *Harris v. State*, supra. In fact, if anything, the order implies that a retrial is limited to the malice murder because it expressly distinguishes *Oliver v. State*, supra, a case in which retrial under *Harris v. State* was not required because the defendant was convicted of felony murder rather than malice murder, and the "use of a deadly weapon" charge was harmless error inasmuch as felony murder does not require the "intent to kill."

As to context, the superior court had already plainly expressed its belief that it was without authority to amend or modify the new trial order out of term when it denied the State's request for reconsideration. Barlow points to the reference about a new trial on all charges in the February 4, 2002 order appointing counsel.[7] But this mere reference in a collateral order is not dispositive. See *Argonaut Ins. Co. v. Atlantic Wood Indus.*, 187 Ga. App. 477, 479 (370 SE2d 770) (1988) (a collateral order is one which does not purport to affect the merits or enforceability of the pending matter). Nor can Barlow prevail by citing comments made by the superior court at the hearing on the motion for clarification about a misinterpretation of *Harris v. State*. See *Castro v. Cambridge Square Towne Houses*, 204 Ga. App. 746, 747 (1) (420 SE2d 588) (1992).

The simple fact is that the superior court's order explaining the extent of Barlow's entitlement to retrial is not at odds in any way with its order granting Barlow a new trial. Therefore, the inescapable conclusion is that the January 5, 2004 order did not amend or modify the new trial order, but was an authorized clarification of it. Compare *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846 (545 SE2d 31) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 2005 —
RECONSIDERATION DENIED NOVEMBER 21, 2005.

*Mitchell D. Durham*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.

---

[7] The court also mentioned the February 4, 2002 order in its denial of reconsideration, but merely in a statement of the chronology of orders in the case.