FINAL COPY
309 Ga. 580

S20G0123.  SANCHIOUS v. THE STATE.

PER CURIAM.

A jury found Christopher Sanchious guilty of three counts of aggravated child molestation, two counts of child molestation, and one count each of aggravated sodomy and sexual battery involving his girlfriend's 12-year-old daughter.  This appeal concerns Sanchious's contention that certain expert testimony and an expert report were improperly admitted at his jury trial.  For the reasons explained below, we grant Sanchious's writ of certiorari, vacate the Court of Appeals's opinion, and remand the case to the Court of Appeals.[1]

In his petition for certiorari, Sanchious specifically argues that

_____

[1] "Our rules contemplate that we may grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument," and we elect to do so here "because the issue we resolve would not benefit from further briefing and argument."  *Cobb Hosp. v. Dept. of Community Health*, 307 Ga. 578, 578, n.1 (837 SE2d 371) (2019) (citing former Supreme Court Rule 50 (2) (effective in this case based on its docketing date)); *Scott v. State*, 306 Ga. 507, 508 n.1 (832 SE2d 426) (2019)).

the trial court abused its discretion by admitting the expert testimony of forensic biologist Karen Turpin — who testified about DNA analysis conducted by, and memorialized in a report written by, forensic biologist Dr. Tesheka Wortham — and by admitting Dr. Wortham's written report. At trial, Turpin testified that she personally tested the victim's sexual assault kit, which "failed to reveal the presence of male DNA," but that Dr. Wortham — who did not testify at trial but whose report Turpin had "peer reviewed . . . [t]o ensure that the analyst ha[d] followed policies and procedures, and that the results [were] correct and reliable" — tested the victim's underwear and comforter, and that both items "contained [DNA] profiles . . . matching the profile[s] of [the victim] and . . . Sanchious." When the State began to elicit testimony from Turpin about Dr. Wortham's DNA report, Sanchious's counsel objected on hearsay grounds. The Court overruled the hearsay objection and admitted Dr. Wortham's report into evidence.

In his motion for new trial, Sanchious argued that the trial court abused its discretion in admitting, over objection, Turpin's

testimony and Dr. Wortham's DNA report because they constituted inadmissible hearsay. In the alternative, Sanchious argued that trial counsel was constitutionally ineffective for, among other reasons, failing to object to the same expert report and testimony on the basis that they violated his right to confrontation under the Sixth Amendment to the United States Constitution and under Article I, Section I, Paragraph XIV of the Georgia Constitution. Likewise, on appeal from the denial of his motion for new trial, Sanchious argued that the trial court abused its discretion in admitting, over objection, Turpin's testimony and Dr. Wortham's DNA report because they constituted inadmissible hearsay. As he did at the motion-for-new-trial stage, Sanchious also argued that his trial counsel was constitutionally ineffective for, among other reasons, failing to object to the admission of the same expert report and testimony on Confrontation Clause grounds. The Court of Appeals affirmed, *Sanchious v. State*, 351 Ga. App. 611 (831 SE2d 843) (2019), and Sanchious now petitions this Court for a writ of certiorari.

In its opinion, the Court of Appeals noted that "[d]uring trial, Sanchious objected to both" Turpin's testimony about Dr. Wortham's DNA report and to Dr. Wortham's report itself "on grounds of hearsay; he alleges the same on appeal." *Sanchious*, 351 Ga. App. at 614-615. But then the Court of Appeals conflated analysis of the alleged hearsay error with respect to Turpin's testimony — i.e., whether the trial court abused its discretion in admitting Turpin's testimony about Dr. Wortham's DNA report over trial counsel's hearsay objection — with a Confrontation Clause analysis and concluded that Turpin's expert testimony was not inadmissible on Confrontation Clause grounds. See id. at 615-616 (citing *Bullcoming v. New Mexico*, 564 U.S. 647 (131 SCt 2705, 180 LE2d 610) (2011)). Moreover, the Court of Appeals reached that conclusion without separately addressing the hearsay claim that was the sole basis of Sanchious's objection at trial. As a result, the Court of Appeals's holding about the trial court's admission of Turpin's testimony was based on a Confrontation Clause analysis, and not on an analysis of the hearsay ground that Sanchious argued in the trial court and

presented on appeal.  See id.[2]

It was error for the Court of Appeals to treat Sanchious's enumeration of error based on a hearsay objection as a Confrontation Clause issue.  See *Durham v. State*, 296 Ga. 376, 379 (768 SE2d 512) (2015) ("There is a distinct difference between a challenge to the admission of evidence based upon the Confrontation Clause and that based upon an exception to the hearsay rule.") (citation and punctuation omitted).  Cf. *Moore v. State*, 294 Ga. 682, 684-685 (755 SE2d 703) (2014) (defendant failed to preserve claim of error based on Confrontation Clause for appellate review because he objected only on hearsay grounds, not Confrontation Clause grounds); *Higginbotham v. State*, 287 Ga. 187, 189 (695 SE2d 210) (2010) (same).  Therefore, this Court grants the petition for writ of certiorari, vacates the Court of Appeals's opinion, and remands this

---

[2] Similarly, the Court of Appeals's holding with respect to Dr. Wortham's written DNA report did not address the basis of Sanchious's preserved claim of trial-court error (i.e., admitting inadmissible hearsay), and its summary conclusion of harmless error was predicated on the notion that the report "was cumulative of [Turpin's] properly admitted testimony."  *Sanchious*, 351 Ga. App. at 616.

case for the Court of Appeals to examine the hearsay claims Sanchious presented on appeal and then to reconsider any other claims preserved for appeal to the extent necessary.

*Petition for writ of certiorari granted, judgment vacated, and case remanded with direction. All the Justices concur.*

DECIDED AUGUST 10, 2020.

Certiorari to the Court of Appeals of Georgia — 351 Ga. App. 611.

*Veronica M. O'Grady*, for appellant.

*John E. Fowler, District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.