310 Ga. 619
FINAL COPY

S20G0464.    FLANDERS v. THE STATE.

PER CURIAM.

In Division 1 of its opinion in this case, the Court of Appeals erred by holding that the trial court properly declined to address a claim raised by Christina Flanders in an amended motion to withdraw her guilty plea. Relying on its decision in *Matthews v. State*, 295 Ga. App. 752, 754 (1) (673 SE2d 113) (2009), the Court of Appeals held that the trial court lacked jurisdiction to consider the claim because the amended motion was filed outside the term of court in which Flanders had entered her guilty plea, even though the original motion was timely filed within the term of court in which the plea was entered. See *Flanders v. State*, 352 Ga. App. XXIV (Case No. A19A0908) (October 8, 2019) (unpublished). For the reasons explained below, we grant Flanders's writ of certiorari, vacate the Court of Appeals's opinion, and remand the case to the Court of Appeals to address the claim raised in Flanders's amended

motion.[1]

The facts underlying this case were set forth by the Court of Appeals as follows:

> In 2016, the Department of Family and Children Services ("DFCS") started an investigation into allegations of child abuse of the victim, J. F. According to an anonymous source, the victim had a black eye and a burn on her wrist. The victim was the daughter of Flanders's husband and, therefore, Flanders's step-daughter. The victim lived with Flanders and her husband at the time of the investigation. The anonymous source was later identified as Jinna Ward, the victim's aunt and Flanders's sister-in-law.
>
> Following the investigation, DFCS physically removed the victim from the custody of Flanders and her husband, placed the victim in the care of an uncle, and prohibited Flanders from having contact with the victim. After a series of interviews and further investigations, a grand jury indicted Flanders on one count of aggravated assault (OCGA § 16-5-21) and two counts of cruelty to children in the first degree (OCGA § 16-5-70). According to the indictment, Flanders burned the victim's arm with a hair straightening iron and hit the victim in the face, causing extensive bruising. Flanders later entered an

---

[1] "Our rules contemplate that we may grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument, and we elect to do so here because the issue we resolve would not benefit from further briefing and argument." (Citations and punctuation omitted.) *Sanchious v. State*, 309 Ga. 580, 581 n.1 (847 SE2d 166) (2020) (citing former Supreme Court Rule 50 (2)). See also Supreme Court Rule 50 (1) (current rule on summary dispositions).

*Alford*[2] plea to all charges. On December 19, 2017, following a sentencing hearing, the trial court sentenced Flanders to a total sentence of 20 years' imprisonment and 5 years['] probation.

On January 5, 2018, Flanders filed a motion to withdraw her guilty plea, alleging that two different trial attorneys were ineffective. On February 20, 2018, Flanders filed an amended motion to withdraw, alleging that the State had violated [its] obligations under *Brady*[3] because it had failed to disclose the existence of a taped interview with the victim wherein the victim had denied that Flanders injured her. After a hearing, the trial court denied Flanders's motion to withdraw her plea.

*Flanders*, slip op. at 2-3. The trial court did not address Flanders's *Brady* claim.

In the brief in support of her direct appeal, Flanders argued that the trial court erred in failing to address the claim. In affirming the trial court's judgment, the Court of Appeals held:

Because the trial court lacked jurisdiction to consider [Flanders's] *Brady* claim, the trial court correctly declined to rule on it. The terms of court of the superior courts of Screven County commence on the second Monday in January and the first Monday in April, July, and October. OCGA § 15-6-3 (30) (D). Flanders entered her guilty plea on November 27, 2017, was sentenced on December 19, 2017, and filed her initial motion to withdraw her plea on January 5, 2018, all within the

---

[2] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).
[3] *Brady v. Maryland*, 373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963).

3

October 2017 term of court. It was not until February 20, 2018, after the next term of court began, that Flanders first raised a *Brady* claim through her attempt to amend her motion to withdraw her guilty plea. "The amended [motion], containing [a new claim], [was] therefore not within the court's jurisdiction and could not form a basis for withdrawal." (Citation omitted.) *Matthews*, supra, 295 Ga. App. at 754 (1). Accordingly, because the trial court did not have jurisdiction to address Flanders's *Brady* claim, resolution of that claim must be sought through habeas corpus proceedings, and we therefore affirm the denial of her motion to withdraw her guilty plea.

(Footnote omitted.) *Flanders*, slip op. at 4-5. Although the holding in *Matthews* supports the Court of Appeals's decision, *Matthews* was wrongly decided and must be overruled.

None of the cases relied on in *Matthews* stand for the proposition that the court lacked the inherent authority to consider an amendment to an otherwise proper motion to withdraw a guilty plea. Rather, they state the common-law rule generally applicable to a court's inherent power to modify a judgment within the term of court.[4] We recently revisited this common-law rule and discussed it

---

[4] In *Matthews*, the Court of Appeals relied on *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005), *Sherwood v. State*, 188 Ga. App. 295 (1) (372 SE2d 677) (1988), and *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007).

4

as follows.

> Georgia courts have long applied the common-law rule that the trial court has the inherent authority to modify a judgment within the term of court and that "a motion made during the term serves to extend the power to modify." *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) (1976) (physical precedent only). As explained in *United States v. Mayer*, 235 U. S. 55 (35 SCt 16, 59 LE 129) (1914), the common-law rule provides that "[i]n the absence of [a] statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, *unless the proceeding for that purpose was begun during that term*." Id. at 67 (1) (emphasis supplied); see also *Miraglia v. Bryson*, 152 Ga. 828 (111 SE 655) (1922) (following *Mayer*).

(Footnote omitted.) *Gray v. State*, 310 Ga. ___, ___ (3) (___ SE2d ___) (2020). It should be clear from this language that the act of filing a proper motion extends the court's inherent authority to modify the judgment during the pendency of the proceeding initiated by the motion. In such circumstances, the court's inherent authority is not

---

Each of these cases held that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea. Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings. None of these cases addressed the court's power to consider amendments to an otherwise proper motion to withdraw a guilty plea.

prescribed by or limited to the claims initially raised by the movant; rather, the court's authority to revise, correct, revoke, modify, or vacate the judgment, even upon its own motion, is continued beyond the term of court by virtue of the motion having been filed. See *Barlow v. State*, 279 Ga. 870, 872 (621 SE2d 438) (2005) (discussing the inherent authority of the court generally). Thus, once a *proceeding* has been initiated by a timely motion to alter the judgment, the court's power extends to any matter pertinent to the judgment at issue in that proceeding, including any amendment to the initial motion, even though the amendment is made outside the term of court in which the judgment was entered and the initial motion filed. See id.

With respect to a motion to withdraw a guilty plea, no statutory authority prohibits a defendant from amending outside the term of court a proper motion to withdraw a guilty plea that was filed within the term of court in which the conviction was entered. In fact, "[n]o statute sets forth the procedures by which a motion to withdraw a guilty plea may be entertained by the trial court after a sentence has

6

been pronounced." (Footnote omitted.) *McKiernan v. State*, 286 Ga.

756, 757 (692 SE2d 340) (2010).[5] Thus, the general common-law rule

applies to a motion to withdraw a guilty plea. See id. ("This is a

judicially created rule, which evolved from the established common

law tenet that a court cannot set aside or alter a judgment after the

expiration of the term at which it was entered, unless the proceeding

for that purpose was begun during the original term." (citations and

punctuation omitted)).[6]

Because the holding in *Matthews* is contrary to our holdings in

*McKiernan* and *Gray*, it must be overruled.[7] The holding in

---

[5] Withdrawal of a guilty plea before judgment is pronounced is governed by OCGA § 17-7-93 (b).

[6] We note, however, that an otherwise proper amended motion does not act to cure an initial motion that was untimely. See *White v. State*, 302 Ga. 315, 320 (3) (806 SE2d 489) (2017) ("[A]n amended motion is not a time machine that allows a litigant to change past events. Appellant invokes the 'relation back' doctrine for amendments of pleadings in civil actions, see OCGA § 9-11-15 (c), but he cites no authority for applying that doctrine in this criminal context. Moreover, even in the civil context, a pleading purporting to amend a prior filing that was a nullity — as Appellant's pro se motions to withdraw guilty pleas were — does not relate back in time to the date of the non-filing, as the trial court here recognized." (citation omitted)).

[7] We also overrule *Riggs v. State*, 319 Ga. App. 189, 192 (3) (733 SE2d 832) (2012) ("While Riggs filed his initial motion to withdraw during the same term, it was not until the June 2011 term of court, however, that he attempted to amend his motion to add the above claims. Consequently, the amended

*Matthews* also conflicts with those cases in which this Court has urged defense counsel to preserve their clients' post-conviction remedies by filing "placeholder motions" that may be amended later by new counsel. For example, in *Dos Santos v. State*, 307 Ga. 151, 159 (5) (834 SE2d 733) (2019), we noted that the time within which a defendant may timely file a motion to withdraw a guilty plea depends on how many days are left within the term of court, and the remaining time could be as short as a day. Consequently,

> when time is tight, plea counsel may protect their client's interests by filing a timely, bare-bones "placeholder" motion to withdraw guilty plea, which — unlike an untimely motion or an inoperative motion filed pro se by the still-represented client — meets the filing deadline and might be amended later (by conflict-free new counsel if necessary).

(Citations omitted.) Id. See also *Ringold v. State*, 309 Ga. 443, 446 n.2 (847 SE2d 181) (2020) (same). Implicit in this discussion from *Dos Santos* and *Ringold* is that such motions may be amended in a subsequent term of court and that the court retains the inherent

motion, containing new claims, was therefore not within the court's jurisdiction and could not form a basis for withdrawal." (citations and punctuation omitted)).

authority to consider them.

Therefore, this Court grants the petition for a writ of certiorari, vacates the Court of Appeals's opinion, and remands this case to the Court of Appeals so that it may address Flanders's claim that the trial court erred in declining to address the *Brady* claim raised in her amended motion to withdraw her guilty plea.

*Petition for writ of certiorari granted, judgment vacated, and case remanded. Melton, C. J., Nahmias, P. J., and Boggs, Peterson, Bethel, Ellington, and McMillian, JJ., concur. Warren, J., not participating.*

DECIDED DECEMBER 21, 2020.
Certiorari to the Court of Appeals of Georgia — 352 Ga. App. XXIV.
*Hall & Navarro, Martha C. Hall; Robert L. Persse*, for appellant.
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.