312 Ga. 337
FINAL COPY

S21C0167, S21G0167. MOBUARY v. THE STATE.

PER CURIAM.

By this opinion, this Court grants this pro se petitioner's petition for a writ of certiorari, vacates the Court of Appeals' order dismissing the petitioner's appeal, and remands the case to the Court of Appeals for further proceedings consistent with this opinion.[1]

In 2003, the petitioner, Jason Mobuary, pleaded guilty in the Superior Court of Fulton County to enticing a child for indecent purposes. In July 2018, he filed a motion for an out-of-time appeal and a motion for appointment of counsel. The trial court denied both motions on December 11, 2019. Mobuary filed a notice of appeal from

---

[1] "Our rules contemplate that we may grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument, and we elect to do so here because the issue we resolve would not benefit from further briefing and argument." (Citations and punctuation omitted.) *Sanchious v. State*, 309 Ga. 580, 581 n.1 (847 SE2d 166) (2020) (citing former Supreme Court Rule 50 (2)). See also Supreme Court Rule 50 (1) (current rule on summary dispositions).

the trial court's rulings. He mailed his notice of appeal on May 12, 2020; the trial court received the notice of appeal on May 22, 2020, and stamped it "filed" and docketed it on May 26, 2020. On June 16, 2020, in its Case No. A20A1922, the Court of Appeals dismissed the appeal for lack of jurisdiction on the basis that, "[b]ecause Mobuary's notice of appeal was filed 167 days after the order he seeks to appeal, it is untimely."[2]

The record shows, however, that Mobuary initiated the appellate process in the time allowed by filing on January 8, 2020, a request for an extension of time from this Court in which to file an application for a discretionary appeal. See Case No. S20T0751. We granted an extension through February 10, 2020, and Mobuary filed a discretionary application by the extended deadline. See Case No.

---

[2] On July 17, 2020, the Court of Appeals denied Mobuary's motion for reconsideration of the June 16 dismissal order. On August 11, 2020, this Court granted Mobuary's timely request for an extension of time to file a petition for writ of certiorari, allowing him until August 26, 2020 to file. Mobuary filed the instant petition on August 25, 2020. Because he filed his petition within the time allowed, the State's contention that the instant petition "is concededly tardy" is incorrect, and the State's motion to dismiss is denied.

S20D0830.[3] Because the application involved a non-murder criminal offense and did not appear to raise any issues that would otherwise invoke this Court's jurisdiction,[4] we transferred the application to the Court of Appeals, where it was docketed as Case No. A20D0344. The Court of Appeals determined that Mobuary's challenge to the order denying his motion for an out-of-time appeal could proceed via a direct appeal.[5] For this reason, on May 8, 2020, the Court of Appeals granted Mobuary's application for discretionary appeal and allowed ten days for Mobuary to file a notice of appeal in the trial court.[6]

---

[3] See OCGA §§ 5-6-35 (a) (specifying cases where a direct appeal is not authorized); (d) (An application for discretionary appeal "shall be filed with the clerk of the Supreme Court or the Court of Appeals within 30 days of the entry of the order, decision, or judgment complained of[.]"); 5-6-39 (requests for extensions of time for filing in appellate proceedings must be filed before the expiration of the period for filing as originally prescribed or as extended by a permissible previous order).

[4] See Ga. Const. of 1983, Art. VI, Sec. VI, Pars. II, III; OCGA § 15-3-3.1.

[5] See OCGA § 5-6-34 (a) (Direct appeals are authorized from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35[.]"); *Simmons v. State*, 276 Ga. 525, 525 n.2 (579 SE2d 735) (2003) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal.").

[6] See OCGA § 5-6-35 (g) ("Within ten days after an order is issued granting [an application for a discretionary] appeal, the applicant, to secure a

3

The May 8, 2020 order was entered during the period in which nonconstitutional filing deadlines, including filing requirements that were imposed on litigants by statute and court order, were tolled by the Chief Justice's March 14, 2020 Order Declaring Statewide Judicial Emergency in response to the COVID-19 pandemic, as extended in subsequent orders. See OCGA § 38-3-62 (a) (10). Pursuant to the Chief Justice's July 10, 2020 Fourth Order Extending Declaration of Statewide Judicial Emergency, such deadlines were reimposed effective July 14, 2020. Pursuant to the fourth extension order, the ten-day period for filing Mobuary's notice of appeal provided in the Court of Appeals' May 8, 2020 order began on July 14, 2020, and he was therefore required to file his notice of appeal by July 24, 2020. By that date, the trial court had already docketed Mobuary's notice of appeal. Consequently, Mobuary's

review of the issues, shall file a notice of appeal as provided by law. The procedure thereafter shall be the same as in other appeals."); (j) ("When an appeal in a case enumerated in subsection (a) of Code Section 5-6-34, but not in subsection (a) of this Code section, is initiated by filing an otherwise timely application for permission to appeal pursuant to subsection (b) of this Code section without also filing a timely notice of appeal, the appellate court shall have jurisdiction to decide the case and shall grant the application.").

notice of appeal was filed within the time allowed by the Court of Appeals' order granting his application for a discretionary appeal, as tolled by the judicial emergency orders.[7] The conclusion that Mobuary's notice of appeal was untimely is clearly erroneous, and the Court of Appeals erred in dismissing Mobuary's appeal (Case No. A20A1922) on that basis.[8]

Therefore, we hereby grant the petition for a writ of certiorari, vacate the Court of Appeals' dismissal order, and remand this case to the Court of Appeals to resume proceedings in Case No. A20A1922.

*Petition for writ of certiorari granted, judgment vacated, and case remanded. All the Justices concur, except Nahmias, C. J., who dissents. McMillian and Colvin, JJ., disqualified.*

---

[7] See *Harper v. State*, 310 Ga. 679, 679-680 n.1 (853 SE2d 645) (2021).

[8] Although, as the dissent states, we routinely deny correction-of-error certiorari petitions that present no issue of gravity or great public importance, this case presents an opportunity in a published opinion to explicitly apply the tolling effect of the statewide judicial emergency orders, as extended, which is an issue of great public importance. Therefore, we have determined that this otherwise ordinary case is an appropriate exercise of our certiorari jurisdiction.

NAHMIAS, Chief Justice, dissenting.

The Georgia Constitution authorizes this Court to "review by certiorari cases in the Court of Appeals which are of *gravity or great public importance.*" Ga. Const. of 1983, Art. VI, Sec. VI, Par. V (emphasis added). This Court's rule on certiorari likewise explains that "review on certiorari is not a right. . . . *A petition for the writ will be granted only in cases of great concern, gravity, or importance to the public.*" Supreme Court Rule 40 (emphasis added). We have emphasized this high standard for granting certiorari review since our very first case exercising that authority:

> This court . . . should be chary of action in respect to certiorari, and should not require by certiorari any case to be certified from the Court of Appeals for review and determination, unless it involves gravity and importance. It was not intended that in every case a complaining party should have more than one right of review.

*Central of Ga. R. Co. v. Yesbik*, 146 Ga. 620, 622 (91 SE 873) (1917) (discussing the 1916 constitutional amendment establishing this Court's certiorari jurisdiction). Consistent with these principles, Georgia's appellate lawyers are often taught not to petition for certiorari when seeking only "error-correction" in a particular case.

6

The majority opinion identifies nothing about this case that meets the established standard for a grant of certiorari. The Court of Appeals decision that the majority has chosen to review was a short, unpublished dismissal order that set no precedent and affected no one other than the parties in this particular case. Nor is there any indication that this case involves some sort of repeated or contrived misanalysis by the Court of Appeals that warrants this Court's correction; Mobuary cites no other similar case, and the majority identifies no such circumstance.

It does appear that the Court of Appeals misapplied the somewhat complicated appellate procedure statutes that apply to the somewhat complicated facts of this case — likely by just missing the connection between Mobuary's appeal case (Case No. A20A1922), in which the notice of appeal was filed and the dismissal order was entered, and the previous rulings in his discretionary application case (Case No. A20D0344), which gave him much more time than usual to file his notice of appeal after the trial court's judgment was entered. The dismissal order made no reference to the

7

discretionary application proceeding (which also means that the error was not evident on the face of the order, another factor that normally reduces the gravity of a ruling). To be sure, the result was the erroneous dismissal of Mobuary's appeal, rather than its further consideration (which might, for all we know, have resulted in its dismissal on other grounds or its rejection on the merits). But this Court routinely sees petitions for certiorari that identify errors made by the Court of Appeals, including case-dispositive errors that are always of importance to the petitioners who lost in that court but often present no issue of "gravity or great public importance," which is why we also routinely deny those petitions.[9]

---

[9] In a footnote, the majority opinion suggests that this case has "great public importance" because it "presents an opportunity in a published opinion to explicitly apply the tolling effect of the statewide judicial emergency orders, as extended." Maj. Op. at 339 n.8. But we have already applied the tolling provided by those orders in a published opinion. See *Harper v. State*, 310 Ga. 679, 679-680 n.1 (853 SE2d 645) (2021). We also have applied that tolling effect in numerous unpublished orders over the past year, any one of which we could have published if that were really a matter of great public importance. Moreover, this is not a case in which the Court of Appeals' error resulted from a misapplication of the statewide judicial emergency orders. Because it apparently overlooked Mobuary's discretionary application proceeding, the Court of Appeals' order calculated the time by which his notice of appeal should have been filed as expiring in January 2020, two months before the first statewide judicial emergency order was issued.

Because the majority opinion identifies no valid reason to depart from that practice in this case, and no principle by which to distinguish Mobuary's certiorari petition from others that we are denying today and many more denied in the past, I respectfully dissent.

Decided August 24, 2021.

Certiorari to the Court of Appeals of Georgia.

Jason D. Mobuary, *pro se.*

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Marc A. Mallon, Assistant District Attorneys*, for appellee.