**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., GOBEIL, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 6, 2021**

# In the Court of Appeals of Georgia

A19A0908. FLANDERS v. THE STATE.

MILLER, Presiding Judge.

Christina Flanders entered an *Alford*[1] plea to one count of aggravated assault (OCGA § 16-5-21) and two counts of cruelty to children (OCGA § 16-5-70). In Division 1 of our prior opinion in this case, we determined that the trial court lacked jurisdiction to address Flanders' claim that the State committed a *Brady*[2] violation by failing to turn over evidence of an interview in which the victim denied that Flanders injured her because Flanders untimely raised that claim in an amended motion to withdraw her guilty plea. The Supreme Court of Georgia, in *Flanders v. State*, 310 Ga. 619 (852 SE2d 853) (2020), reversed that determination, overruled the case law

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LEd2d 162) (1970).

[2] *Brady v. Maryland*, 373 U. S. 83 (83 SCt 1194, 10 LEd2d 215) (1963).

relied upon by this Court, and concluded that the *Brady* claim was timely raised. The Court then remanded the case to this Court with direction to address whether "the trial court erred in declining to address the *Brady* claim raised in her amended motion to withdraw her guilty plea." Id. at ___.

The record shows that the trial court held a hearing on Flanders' motion to withdraw her guilty plea during which Flanders' *Brady* claim was extensively litigated, with both Flanders and the State presenting testimony and argument regarding the allegedly suppressed interview. The trial court subsequently entered a detailed order denying Flanders's motion to withdraw her guilty plea that addressed all of Flanders' other claims of error, but it did not rule on, make factual findings regarding, or even mention, her *Brady* claim. "We are a court of review, not of first view[.]" (Citation omitted.) *Luckie v. Berry*, 305 Ga. 684, 685 n.2 (827 SE2d 644) (2019). "Our Supreme Court has instructed that we may remand for further factual findings where the trial court's order lacks sufficient detail to enable appellate review." *Weintraub v. State*, 352 Ga. App. 880, 889 (1) (836 SE2d 162) (2019). Given the trial court's failure to address Flanders' *Brady* claim,[3] we must vacate the

---

[3] We note that, although the trial court found that Flanders' guilty plea was knowing and voluntary, a *Brady* violation by the State may nevertheless constitute grounds for withdrawing such a plea if it resulted in "manifest injustice" and

trial court's order to the extent it at least implicitly denied that claim and remand for the trial court to address the claim in the first instance.

We therefore vacate Division 1 of our previous opinion, adopt the opinion of the Supreme Court of Georgia as our own, vacate the trial court's order to the extent it denied Flanders' *Brady* claim, and remand for the trial court to rule on that claim. No other part of our prior opinion is affected by the Supreme Court's decision, see *Flanders*, supra, 310 Ga. at ___, and so we reinstate all of the remaining Divisions of our prior opinion.

*Judgment vacated in part and case remanded. Rickman, C.J., and Gobeil, J., concur.*

---

materially contributed to that plea. See *Carroll v. State*, 222 Ga. App. 560, 562 (474 SE2d 737) (1996).