**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: December 19, 2023

S23G0795.  BRIXMOR NEW CHASTAIN CORNERS SC, LLC v. JAMES.

MCMILLIAN, Justice.

Respondent Arlene James filed a premises liability action against Petitioner Brixmor New Chastain Corners SC, LLC arising out of injuries she sustained when she tripped on a parking bumper in a parking lot owned by Brixmor.[1] Brixmor filed a motion for

---

[1] According to the Court of Appeals's opinion, on the evening of January 12, 2020, while it was dark outside, James and her husband parked at a shopping center owned by Brixmor and went inside a restaurant to watch a football game. As they left, James tripped on a concrete barrier adjacent to their parking space and was injured. The barrier consisted of three concrete parking bumpers laid end-to-end along the side of their parking space – not in front, as is usual – to separate the parking space from a motorcycle parking area. The barrier was light in color and rested on the painted white line of the parking space. Prior to the incident, the parking bumpers in the lot had been painted red or yellow, but after some asphalt work was performed, two new bumpers were installed that were left in their natural light color. Five days after James's fall, Brixmor painted the bumpers yellow at the restaurant's request. See *Brixmor*, 367 Ga. App. at 236 (1).

summary judgment on James's claims, and the trial court denied the motion, pointing to issues of material fact that remained regarding whether the structure on which James tripped constituted a hazard and whether James had previously traversed it, thus giving her, at least, constructive knowledge of the hazard.  In the same order, the trial court granted a motion filed by James seeking sanctions for spoliation of evidence based on Brixmor's decision to paint the parking bumpers in the area of James's fall after the incident. As a result, the trial court barred Brixmor "from introducing evidence or argument that the parking bumper was not a potential hazard."

Brixmor appealed both of those rulings to the Court of Appeals, which affirmed the denial of summary judgment, based on the jury questions identified by the trial court. See *Brixmor New Chastain Corners SC, LLC v. James*, 367 Ga. App. 235, 236-39 (2) (884 SE2d 393) (2023). However, the Court of Appeals vacated the order imposing spoliation[2] sanctions and remanded the matter to the trial

___

[2] This Court has defined the term "spoliation" to mean "the destruction or failure to preserve evidence that is relevant to contemplated or pending

2

court after determining that the trial court had applied an incorrect legal standard in granting James's motion. See id. at 240-41 (3). For the reasons explained below, we grant Brixmor's petition for writ of certiorari; vacate the Court of Appeals's opinion, in part; and remand the case to that court.[3]

In its petition, Brixmor seeks review of three questions: (1) whether the trial court erred in imposing spoliation sanctions without considering that the alteration in question was remediating a potential hazard; (2) whether the trial court erred in imposing spoliation sanctions[4]; and (3) whether summary judgment should have been granted based on the prior traversal rule. We grant the petition for writ of certiorari, not to address these issues, but rather

---

litigation." *Phillips v. Harmon*, 297 Ga. 386, 393 (II) (774 SE2d 596) (2015) (citation and punctuation omitted).

[3] "Our rules contemplate that we may grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument," and we elect to do so here "because the issue we resolve would not benefit from further briefing and argument." *Sanchious v. State*, 309 Ga. 580, 581 n.1 (847 SE2d 166) (2020) (citation and punctuation omitted).

[4] Brixmor asserts that spoliation sanctions were not authorized because Brixmor did not have notice that James would bring a claim, Brixmor did not act willfully to interfere with James's claim, and James cannot claim prejudice as she possessed photographs of the condition as it existed at the time of the incident.

to address the Court of Appeals's determination that Brixmor failed to show an abuse of discretion by the trial court in failing to consider the subsequent remedial measures rule[5] in its analysis of the spoliation issue. See *Brixmor*, 367 Ga. App. at 240 (3). Once the Court of Appeals concluded that the trial court applied the incorrect standard on spoliation and remanded the case to the trial court to apply the correct spoliation standard, consideration of the remedial measure rule was unnecessary to the resolution of the issues on appeal and the court's determination on the issue was thus dicta. Moreover, the Court of Appeals's conclusion in this regard resolved, with little analysis, an open and difficult legal question under Georgia law regarding what consideration, if any, must be given to the subsequent remedial measures rule in addressing the

---

[5] Under this rule, evidence of subsequent remedial measures generally is inadmissible in negligence actions, because the admission of such evidence conflicts with the public policy of encouraging safety through remedial action. We have noted that remedial safety measures might be discouraged if they are admissible as evidence of negligence. See *Brooks v. Cellin Mfg. Co.*, 251 Ga. 395, 397 (306 SE2d 657) (1983) ("Men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they have been wrongdoers.") (citation and punctuation omitted)).

issue of spoliation.

Therefore, we vacate Division 3 of the opinion to the extent that it purports to make such a legal determination, and we remand this case to the Court of Appeals for proceedings consistent with this opinion.

*Petition for writ of certiorari granted, judgment vacated in part, and case remanded with direction. All the Justices concur.*